FRANCIS J. KEATING v. RUSSELL L. PATTERSON ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 4—decided June 14, 1945.

*Leon A. Winslow,* for the appellant (defendant town of East Hartford).

*Edwin M. Ryan,* for the appellee (plaintiff).

ELLS, J. In 1927 the town of East Hartford adopted building zone regulations, and in 1938 the· town

council, the zoning authority, amended them by adopting regulations concerning the erection, alteration and use of buildings for the sale of alcoholic beverages. The relevant portion of the amendment is printed in the footnote.[2]

[2] Sec. 1. In a business or industrial zone, no building or premises shall be used, and no building shall be erected or structurally altered which is arranged, intended or designed to be used for the sale of alcoholic beverages to be consumed on the premises, if any part of such premises is situated:

(a) On any part of a lot having a frontage on either side of a public street within one thousand feet, as measured along the center line of such street or adjacent street, of any lot or plot having a frontage on such street or adjacent street, and used for the purpose of a place selling alcoholic beverages to be consumed on the premises;

(b) Within 250 feet of any part of any lot or plot used or reserved to be used for the purpose of a public school, a duly organized school other than a public school, a church, a charitable institution, whether supported by public or private funds, a hospital, library or public playground;

(c) Within 500 feet, measured along the center line of the street upon which said premises are located, or of an adjacent street, of any premises located in a residential zone;

(d) Adjacent to, along the street frontage, or across any public street from, any part of any lot or plot having street frontage and used exclusively for residential purposes.

The plaintiff conducted a package store at 486 Main Street, as permittee. In 1942 the lease held by Max Shuman, the plaintiff's backer, was about to expire and he applied to the zoning board of appeals for a certificate of approval of a removal of the business to premises located on the opposite side of Main Street at No. 489. The board denied the application, and Shuman appealed to the Court of Common Pleas and to this court. We held that the board did not act arbitrarily or illegally, and found no error. *Shuman* v. *Brainard*, 130 Conn. 564, 36 Atl. (2d) 113. No question as to the validity of the ordinance under which the board acted was involved in the case.

Thereafter, the present plaintiff, the permittee for the business, filed an application with the liquor control commission for permission to remove the store to 489 Main Street. The application was denied on the sole ground that it did not contain a certificate from the town clerk, as required by a regulation of the commission, to the effect that the by-laws or zoning ordinances of the town did not prohibit the sale of alcoholic liquors at the new location. The plaintiff had requested the town clerk to certify the proposed location and he had refused to do so. Apparently his ac-

---

Sec. 3. The provisions of Sections 1 and 2 of this regulation may be modified by vote of not less than four members of the Zoning Board of Appeals present at a regularly called meeting when, in its judgment, the public convenience and welfare will be substantially served, and the appropriate use of neighboring property will not be substantially or permanently injured, after public notice and hearing and subject to appropriate conditions and safeguards.

Sec. 4. In a business or industrial zone no building or premises shall be used and no building shall be erected or structurally altered which is arranged or intended or designed to be used as a package store for sale of alcoholic beverages, or a drug store intending to sell liquor until a certificate of approval for such location shall have been issued by a majority vote of the Zoning Board of Appeals, after public notice and hearing.

tion was predicated on the refusal of the zoning board of appeals to approve the removal of the business as above stated. The applicant appealed from the decision of the liquor control commission to the Court of Common Pleas upon the ground, among others, that the town ordinance under which the zoning board of appeals had acted was unconstitutional and void. The court decided that there was no valid ordinance restricting the permit premises from use for the purposes contemplated by the plaintiff, sustained the appeal, and gave judgment for the plaintiff. The defendant town of East Hartford has appealed to this court. It was not questioned in the trial court or before us that the issue of the constitutionality of the ordinance was properly presented by the appeal.

The sole assignment of error is that the court erroneously concluded that § 4 of the amendment is unconstitutional and void because it does not contain any rule or standard to guide or restrain the exercise of the power delegated to the zoning board of appeals. That there must be such rules or standards is well settled. "A Legislature, in creating a law complete in itself and designed to accomplish a particular purpose, may expressly authorize an administrative agency to fill up the details by prescribing rules and regulations for the operation and enforcement of the law. In order to render admissible such delegation of legislative power, however, it is necessary that the statute declare a legislative policy, establish primary standards for carrying it out, or lay down an intelligible principle to which the administrative officer or body must conform, with a proper regard for the protection of the public interests and with such degree of certainty as the nature of the case permits, and enjoin a procedure under which, by appeal or otherwise, both public interests and private rights shall have due consideration."

*State* v. *Stoddard*, 126 Conn. 623, 628, 13 Atl. (2d) 586; *Connecticut Baptist Convention* v. *McCarthy*, 128 Conn. 701, 704, 25 Atl. (2d) 656; *State* v. *Van Keegan*, 132 Conn. 33, 36, 42 Atl. (2d) 352. The same principle applies when the legislative body of a municipality seeks to delegate power to an officer or administrative board. *People* v. *Norvell*, 368 Ill. 325, 13 N. E. (2d) 960; 1 McQuillin, Municipal Corporations (2d Ed. Rev.), § 395; see also *Donnelly* v. *New Haven*, 95 Conn. 647, 662, 111 Atl. 897.

Section 4 of the ordinance, standing alone, does not satisfy these tests. The situation is governed by the principles stated above. The defendant town appears to concede that this is true, but claims that the validity of § 4 must be determined by a consideration of the zoning ordinance in its entirety, and that, when it is so considered, sufficiently definite standards are provided for the guidance of the board. Principal reliance is placed upon the preliminary statement of purpose contained in the original zoning regulations enacted in 1927: to promote "the health, safety, morals and general welfare of the community." The question under consideration concerns the delegation of power to an administrative board and is subject to the rule stated in the cases we have cited. The basic legal pattern for zoning regulations is provided by General Statutes, § 423, as amended by Cum. Sup. 1935, § 88c, and by General Statutes, § 424. Because of constitutional considerations, the requirement that such regulatory enactments shall operate uniformly and in accordance with a comprehensive plan is expressly stated. § 424. The broad legislative statement of the purpose to be served by the adoption of the ordinance affords no sufficient guide for the board in the exercise of its discretion. See *Perrin's Appeal*, 305 Pa. 42, 49, 156 Atl. 305. There is no comprehensive plan prescribed and no as-

surance of uniformity of operation. Applicants of the same class and standing are not informed as to the conditions governing the grant of a certificate of approval. The discretion imposed in the board is so wide that it is indefinable. See 3 McQuillin, op. cit., p. 460. There is nothing in the relevant statutes or ordinances to control the whims or prejudices of its members.

The defendant town points to apparent exceptions to the general rule in situations where it is difficult or impracticable to lay down a definite or comprehensive rule or standard, and to the fact that, even where definite standards have been furnished, the board of appeals (§ 15 [10]) has power to modify the regulations "in instances where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of these regulations." A provision of this nature is found in § 3 of the ordinance under consideration. The situation here involved is not one of such complexity as to make it impracticable to prescribe reasonable guides for the exercise of discretion. In the very ordinance in question, under § 1, definite standards are prescribed as to places where alcoholic liquors are sold to be consumed on the premises. The conditions and limitations to be met by an applicant are specifically stated. The restrictions prevent location within prescribed distances of other similar establishments, of churches, schools, charitable institutions, hospitals, libraries or public playgrounds, and of residential zones or lots used exclusively for residential purposes. Where the premises are to be used as a package store, however, the town council merely provided in effect that they cannot be so used unless the zoning board of appeals grants a certificate of approval. There is no standard set up, no conditions or

limitations are prescribed, and no rules are given to govern the board's actions.

We conclude that § 4, standing alone, constitutes an illegal delegation of legislative power to an administrative board in that it gives the latter uncontrolled power to grant or withhold certificates of approval of locations according to its unregulated discretion, and that when read in conjunction with the entire zoning ordinance § 4 is invalid as in violation of the Connecticut constitution. See *State* v. *Stoddard,* supra, 626.

We do not consider two further issues mentioned in the defendant town's brief. They were not raised in the trial court and were not assigned as error.

There is no error.

In this opinion the other judges concurred.