DAVID DUPONT ET AL. v. LIQUOR CONTROL COMMISSION ET AL.

COURT OF COMMON PLEAS    FAIRFIELD COUNTY    FILE No. 50897

Memorandum filed August 29, 1949.

*George A. Saden,* of Bridgeport, for the Plaintiffs.

*William L. Hadden,* Attorney General, and *Pasquale Vioni,* Assistant Attorney General, of Hartford, and *Pullman & Comley,* of Bridgeport, for the Defendants.

FITZGERALD, J. The parties to this action are David and Isabel Dupont, the liquor control commission, and the town of Stratford. In the course of this memorandum the Duponts shall be referred to as the plaintiffs and the commission and the

town as the defendant commission and the defendant town. Such designations as appellants and respondents will be omitted.

The plaintiffs appeal from the denial by the defendant commission of their application for a package store all-alcoholic liquor permit relating to premises located at 2332 Broadbridge Avenue in the town of Stratford. On May 27, 1949, the court permitted the town of Stratford to join as a party defendant. On June 24, 1949, counsel for the parties appeared before the court to arrange for as early a hearing as possible. During the course of that discussion it was agreed between counsel for the plaintiffs and the defendant town that a stipulation of facts would be filed by them to facilitate the problem of the court and thus make more compact the record in the event of a subsequent appeal to the Supreme Court of Errors. While counsel for the defendant commission stated that he would not sign such a stipulation, he did state that any facts agreed upon by the other counsel could be assumed as having his tacit approval. On August 9, 1949, a stipulation of facts signed by counsel for the plaintiffs and the defendant commission was filed. Three exhibits have also been made a part of the record: (1) zoning regulations of the town of Stratford; (2) notice of denial of application by the defendant commission on the sole ground quoted in stipulation; (3) record of proceedings before the defendant commission on January 24, 1949.

Briefs on behalf of the plaintiffs and the defendant town have now been filed. No brief has been filed on behalf of the defendant commission. On June 24 it was agreed by all counsel that the problem presented would be submitted to the court on briefs and decided on the basis of the facts stipulated in the light of the law deemed applicable. Counsel for the defendant commission stated on that occasion that the position taken by the defendant town in its brief was to be considered as the position of the commission. In this case, as in *Keating* v. *Patterson,* 132 Conn. 210, the quarrel in point of fact is actually between the plaintiffs and the defendant town because it is the zoning regulations of the latter which give rise to the problem.

The material facts stipulated may be reduced to this brief statement: Stratford is not a "no-permit" town. The premises in question are located in a business zone. The issuance of a package store permit by the defendant commission to the plaintiffs is not otherwise prohibited by local ordinance unless prohibited by § 7 K thereof in conjunction with § 20 J. The plain-

tiffs were not able to obtain the requisite number of signatures of other property owners for approval of the proposed use of their property as a package store as required by §§ 7 K and 20 J of the zoning regulations. The secretary of the planning board of the defendant town refused to certify to the defendant commission that the sale of alcoholic liquor on the premises in question is not prohibited by local law. The plaintiffs nevertheless applied to the defendant commission for the issuance of the permit, were accorded a hearing on their application and were refused the permit on the sole ground of "unsuitability of place because of the fact that the premises do not comply with the requirements of the zoning regulations of the Town of Stratford."

The stipulation further recites the claims of law made by the plaintiffs and the defendant town before the commission regarding the constitutionality of the regulations specified. In conclusion the stipulation states that five questions of constitutional law are presented for the determination of the court.

Broadly stated, there is but one question which encompasses all subsidiary questions. Does § 7 K of the regulations, in conjunction with § 20 J, violate in any respect the rights of the plaintiffs under the Connecticut constitution and/or under the United States constitution?

Zoning in the defendant town is pursuant to special legislation. See 20 Spec. Laws 264; 21 Spec. Laws 782; 22 Spec. Laws 349. Section 1 thereof as amended in 1935 (22 Spec. Laws 349) provides that "The town council of Stratford is authorized to adopt regulations creating and defining boundaries of districts in said town. . . . Said town council may regulate and restrict the location of trades, industries and business, impose in each district uniform regulations specifying the uses that shall be excluded or subject to reasonable requirements of a special nature and designate the uses for which buildings or structures may not be erected, altered or reconstructed in such districts, impose uniform regulations for each class of building throughout any district, impose different regulations in any one district from those imposed in another, provide for the administration, in a manner not inconsistent with this act, of the powers granted herein. . . ."

The zoning regulations are an exhibit in the case. This exhibit contains amendments to April 11, 1945, and by insertion amendments thereto of § 7, effective December 11, 1946, including paragraph K herein designated as 7 K. Certain regula-

tions require a brief reference before taking up §§ 7 K and 20 J. Section 7 A restricts the sale of alcoholic liquor to premises located in a business zone. Section 7 B prohibits the use of any premises for the sale of alcoholic liquor if such are located within 1000 feet from other premises licensed to sell. Section 7 J requires that the secretary of the plainning board shall be the officer certifying that the sale of alcoholic liquor "is or is not prohibited by local ordinance . . . at the location for which an application to the Liquor Control Commission is being made." Section 20 B and subsections thereof provides that the planning board may abandon, vary or waive the regulations in prescribed instances.

Section 7 K in its full context reads: "Before any building or premises shall hereafter be used for the sale as packaged merchandise, for consumption on the premises or otherwise, of alcoholic liquors, beer, ale or wine, the owner or lessee of such premises shall present a petition to the Plainning Board for approval of the premises which shall be accompanied by a Petition signed by owners of property in accordance with Sub-Section J of Section 20 and which petition shall be given a public hearing by the Planning Board duly advertised in accordance with Sub-Section F of Section 20. Any such petition shall be granted when two-thirds of the members of the Planning Board present at the meeting when action is taken thereon shall vote in favor thereof. The Planning Board in determining whether the premises shall be approved or disapproved for such sale shall take into consideration the character of the immediate neighborhood and the proximity of the premises to schools, churches, libraries, theatres and other places of public gathering."

Section 20 J so far as is material reads:

"All applications or petitions for consideration of the Planning Board, except for abandonment, variance or waiver of floor area, lot area, lot frontage, rear yard, set back, or side yard requirements as to any specific property, shall be accompanied by a written petition signed by 50% of the owners of property within the following radii:

"Residential Zone "AA" and "A" ......1200 feet radius
"Residential Zone "B" .............. 1000 feet radius
"Residential Zone "C" ............... 800 feet radius
"Business and Industrial Zones ......... 500 feet radius

"No application or petition shall be heard unless presented with such signature petition which shall be verified under oath by the applicant or petitioner that all of the signatures thereon are of owners within the above prescribed area requirement and unless filed with the Secretary of the Planning Board at least twenty-one days prior to the time of the proposed hearing thereof. The Secretary of the Planning Board, if requested, shall assist applicants and petitioners by showing them on a map, the physical location of the area requirements above and shall check all signature petitions when filed and shall report to the Planning Board at the time of the hearing whether the signature petition has the requisite number of signatures."

The plaintiffs contend that § 7 K read in conjunction with § 20 J violates article 1, § 12, of the Connecticut constitution and the fourteenth amendment to the constitution of the United States; fails to create uniform standards in accordance with a comprehensive plan required by law; and is a delegation of legislative power to neighboring property owners and to the planning board.

Section 4262 of the General Statutes provides: "The liquor control commission shall refuse permits for the sale of alcoholic liquor . . . where prohibited by the zoning ordinance of any city or town." In referring to this statute our Supreme Court has said: "The legislature thus recognizes authority in the town to restrict the use of buildings for the sale of alcoholic liquor to certain zones." *State ex rel. Haverback* v. *Thomson,* 134 Conn. 288, 292. The plaintiffs fully recognize the scope of the statute and the principle stated, but contend that § 7 K in conjunction with § 20 J is unconstitutional and void and that the action of the defendant commission in denying their application in reliance thereon constitutes error. They invoke *Keating* v. *Patterson,* 132 Conn. 210, in support of their position that the ordinance contravenes the Connecticut constitution.

The *Keating* case is not concerned with an ordinance which contains a consent or approval provision of a certain percentage of property owners within a given radius of the proposed location. In that case it was held that § 4 of the East Hartford zoning ordinance afforded no sufficient guide for the zoning board in the exercise of its discretion and that it constituted an illegal delegation of legislative power to the board in that it gave it uncontrolled power to grant or withhold certificates of approval of locations for package stores according to its unregulated dis-

cretion, and, when read in conjunction with the entire zoning or-
dinance, was invalid and violative of the Connecticut constitu-
tion. On pp. 216-217 appears this statement: "There is no com-
prehensive plan prescribed and no assurance of uniformity of
operation. . . . The discretion imposed in the board is so wide
that it is indefinable. . . . There is nothing in the relevant statutes
or ordinances to control the whims or prejudices of its members."

The consent provision here considered arouses a grave sus-
picion of unconstitutionality in the light of certain phases of the
discussion in the *Keating* case. That the whims or prejudices of
property owners may constitute a predominating factor on with-
holding or giving consent is manifest. The absence of a compre-
hensive plan and assurance of uniformity of operation is equally
manifest. The discretion imposed in neighbors is without limita-
tion except as to distance.

A reading of § 7 K in conjunction with § 20 J compels the
conclusion that the approval of 50 per cent of property owners
within a given radius is a requirement in the nature of a condi-
tion precedent to the obtaining of a hearing before the plan-
ning board. The enabling act authorizing the adoption of zoning
regulations by the town council does not sanction the enactment
of an ordinance of such magnitude. The consent provision on its
face constitutes a delegation of legislative power exceeding the
authority of the town council to promulgate into an ordinance of
this character. "A Legislature, in creating a law complete in
itself and designed to accomplish a particular purpose, may
expressly authorize an administrative agency to fill up the de-
tails by prescribing rules and regulations for the operation and
enforcement of the law. In order to render admissible such
delegation of legislative power, however, it is necessary that
the statute declare a legislative policy, establish primary stand-
ards for carrying it out, or lay down an intelligible principle
to which the administrative officer or body must conform, with
a proper regard for the protection of the public interests and
with such degree of certainty as the nature of the case permits,
and enjoin a procedure under which, by appeal or otherwise,
both public interests and private rights shall have due considera-
tion." *State* v. *Stoddard,* 126 Conn. 623, 628, quoted in the
*Keating* case, supra, 215.

The defendant town argues that if the plaintiffs found them-
selves confronted with a practical difficulty or unnecessary
hardship under the consent provision, they could have applied

to the planning board to vary such requirement under § 20 B or subsection 5 thereof. A like argument was made by the defendant town in the *Keating* case, supra, 217, relating to a somewhat similar section of the East Hartford ordinance, and rejected. The same disposition is made here. Parenthetically, it may be added that the planning board would not have the power to vary or waive the requirement of consent unless it were prepared to concede that the requirement was invalid. See, by analogy, *Devaney* v. *Board of Zoning Apeals*, 132 Conn. 537, 540 et seq. Obviously this it will not voluntarily do.

The conclusion reached is that § 7 K in conjunction with § 20 J is invalid as in violation of the Connecticut constitution. *Keating* v. *Patterson*, supra; *State* v. *Stoddard*, supra.

It now remains to be considered whether the consent provision violates the United States constitution. The leading cases of the United States Supreme Court on the question of consent of property owners as contained in a municipal ordinance appear to be three in number. They are cited in a note in 119 A. L. R. 1462 and in Bassett, Zoning, pp. 43, 44. These cases are: *Eubank* v. *Richmond*, 226 U. S. 137; *Cusack Co.* v. *Chicago*, 242 U. S. 526; *Washington ex rel. Seattle Trust Co.* v. *Roberge*, 278 U. S. 116. In the *Eubank* case an ordinance (building lines) requiring consent on the part of a certain percentage of property owners was held unconstitutional; in the *Cusack* case an ordinance (billboards) requiring similar consent of property owners within a given distance was held constitutional; and in the *Roberge* case an ordinance (building permit) requiring similar consent of property owners within a given distance was held unconstitutional.

The distinction in the result obtained in these cases (particularly in the first two) is best explained in the *Cusack* case, supra, 531: "A sufficient distinction between the ordinance there considered [Eubank case] and the one at bar is plain. The former left the establishment of the building line untouched until the lot owners should act and then made the street committee the mere automatic register of that action and gave to it the effect of law. The ordinance in the case at bar absolutely prohibits the erection of any billboards in the blocks designated, but permits this prohibition to be modified with the consent of the persons who are to be most affected by such modification. The one ordinance permits two-thirds of the lot owners to impose restrictions upon the other property in the block, while the

other permits one-half of the lot owners to remove a restriction from the other property owners. This is not a delegation of legislative power, but is, as we have seen, a familiar provision affecting the enforcement of laws and ordinances."

The distinction is pertinent to this case. Under the regulations the proposed location of the package store is not otherwise prohibited unless by the consent provision of § 7 K in conjunction with § 20 J. The proposed use is in a busiess zone in which a package store is permitted (§ 7 A); and would not infringe upon the 1000 feet prohibition of proximity to another liquor outlet (§ 7 B). So also suitability of person is not involved regarding the plaintiffs, who are the owners of the property in question. Hence the application of the plaintiffs and the permit requested conform to the requirements of the local and state law except as to the consent provision herein considered. As noted in an earlier part of this memorandum, the obtaining of the requisite consent must be construed as a requirement in the nature of a condition precedent in obtaining a hearing before the planning board. The significance of this aspect cannot be minimized and must be accorded weight. "It is declared that permits can only be issued according to law, and that consenting landowners cannot make the law." Bassett, op. cit., p. 42. The conclusion reached is that § 7 K in conjunction with § 20 J also violates the United States constitution.

Since the issues are resolved for the plaintiffs, there remains to be considered the form of disposition. In this connection the record of the proceedings before the defendant commission, an exhibit in the case, has been examined. It was a full and complete hearing and all relevant statutory factors were put in evidence and before the commission for its consideration. See General Statutes, §§ 4263-4265.

Certain property owners in the vicinity of the proposed location appeared and were permitted to voice their objection. Their ground of objection was that they desired the preservation of the residential character of the neighborhod. Since the location was in a business zone such objection is of no moment. Compare on this aspect Bartram v. Zoning Commission, released by our Supreme Court on August 23, 1949, and appearing in the Connecticut Law Journal, p. 14, of that date. (136 Conn. 89).

Actually the defendant commission had before it all material to formulate a decision in the same manner as if noncompliance with the consent provision were not raised as a point of law.

Notwithstanding all this, the sole ground of denial was as stated at the outset: "Unsuitability of place because of the fact that the premises do not comply with the requirements of the zoning regulations of the Town of Stamford." The basis of the sole denial has been removed by the conclusions hereinbefore stated.

In view of the foregoing, judgment is to enter sustaining the appeal with direction to the defendant commission to issue the permit in question.