In the Matter of Robert Bach et al., Respondents, against Board of Zoning and Appeals of the Town of North Hempstead et al., Appellants.— Proceeding pursuant to article 78 of the Civil Practice Act, to review a determination of the Board of Zoning and Appeals of the Town of North Hempstead, which granted permission for the conditional use of a swimming pool and accessory building and parking lot in a Residence A district, and a variance so that the pool might be constructed to a depth in excess of two feet. The ordinance pursuant to which the board acted provided (art. XVII, § 174.1) that the board might direct the issuance of a permit for such conditional use if it should determine that such use would conform to the general character of the neighborhood to which such use would apply, and that the public health, morals, safety and general welfare of such neighborhood would be secure by granting such conditional use. In granting permission for such use, the board stated that "the proposed use and structures * * * are in the interest of the community to which such use shall apply, and that appropriate conditions and safeguards are proposed to be provided as shown in said Scheme B and the additional conditions hereinafter imposed, for the protection of the public health, safety and general welfare of the owners of adjacent properties, both in University Gardens and in the Village of Lake Success, and the application should therefore be granted under the provisions of Article XVII, Section 174.1 of the Ordinance as to the proposed use ". Order granting petition to reverse and annul the determination of the board modified on the law and the facts, by adding thereto, after the last ordering paragraph, a further provision that the proceeding be remitted to the board, with instructions to make findings of fact in support of whatever determination it may reach, with leave to respondents and appellant University

Gardens Swimming & Tennis Club, Inc., to introduce further evidence, on another hearing, if another hearing shall be had, and as so modified, unanimously affirmed, without costs. The board had original jurisdiction to entertain the application (*Roosevelt Field* v. *Town of North Hempstead,* 277 App. Div. 889) and to reach a decision thereon contrary to that reached on a previous application for similar relief. (*Ellsworth Realty Co.* v. *Kramer,* 268 App. Div. 824.) However, we are unable to determine, from the language employed in the resolution granting petitioner's application, whether the board had determined that the use for which permission was granted would conform to the general character of the neighborhood to which it would apply, and that the public health, morals, safety and general welfare of the neighborhood would be secure by the granting of such conditional use. Unless the board had so determined, it was not authorized to direct the issuance of a permit. The determination required by the ordinance must be made by the board and may not be made by the court. (*Matter of Newbrand* v. *City of Yonkers,* 285 N. Y. 164, 177, 178.) If the board, in making its determination, acted upon facts disclosed on the inspection referred to in its resolution, it should state the facts upon which it acted. (*People ex rel. Fordham Manor Reformed Church* v. *Walsh,* 244 N. Y. 280.) Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.