In the Matter of J. EDWARD Fox, as Mayor of the Village of Mt. Kisco, et al., Petitioners, against HENRY C. ADAMS et al., Constituting the Board of Appeals of the Village of Mt. Kisco, Respondents, and SINCLAIR REFINING COMPANY, Intervener-Respondent.

Supreme Court, Special Term, Westchester County, May 21, 1954.

*Frederick E. Shulman* for petitioners.

*Edw. T. Salvato* for intervener-respondent.

EAGER, J. This is an article 78 proceeding to review the determination of the zoning board of appeals of the Village of Mount Kisco granting a permit for the erection of a gasoline service station building upon premises situate in a " Business A " district in said village. The premises in question have for some time been devoted to gasoline service station use as a nonconforming use. The owner of the premises, being an intervener-respondent herein, made application to the building inspector for a permit to demolish the present structure on the premises and to erect a new gasoline service station building in place thereof. The building inspector denied the application for the permit, but the owner appealed to the zoning board of appeals. Following a public hearing on the appeal, the board directed that the inspector issue the permit as applied for.

There is now before the court a formal motion by the respondents to dismiss this article 78 proceeding upon several alleged grounds. The proceeding is purportedly brought by the Mayor, board of trustees and the building inspector of the village, and the point first urged for dismissal is that said officers and board are not parties aggrieved and therefore have no right to proceed in court for the review of the determination of the board of appeals. This contention of the respondents is, however, readily overruled. It is the opinion of the court that, by virtue of the express provisions of section 179-b of the Village Law, any interested officer, department, board or bureau of

the municipality is entitled to maintain an article 78 proceeding to review the determination of the zoning board of appeals. When an officer or a board of a municipality appeals to the court, the question presented is, does the particular officer or board have an interest in his official capacity in the subject matter? This is a required test because it is the general rule that a person must have an interest or substantial right at stake in order to maintain an article 78 proceeding. Here, however, the Mayor, the board of trustees, and the building inspector, in divers respects, have certain functions and duties concerning zoning regulations and with respect to the use of property located within the confines of the municipality. By virtue thereof, and as representatives of the municipality and of its inhabitants, they have sufficient interest in determinations of the board of appeals in zoning matters to proceed in court for the review or correction of such of the same as may be arbitrary or capricious or lack proper support in law or fact. (Cf. *Perelman* v. *Yeadon Borough of Adjust.*, 144 Pa. Superior 5, and *Keating* v. *Patterson*, 132 Conn. 210.)

The technical objection is raised that the petition in this article 78 proceeding is not signed by the petitioners. The petition is not signed or subscribed by any petitioner, nor by the attorney for the petitioners. It is, however, verified by one of the petitioners. The requirement of the statute is that an article 78 proceeding shall be brought by " a petition, verified as in an action ". (Civ. Prac. Act, § 1288.) There is no express requirement that it be signed or subscribed. The important thing is that the petition be verified. The failure of the petitioners or the attorney for the petitioners to subscribe it is not jurisdictionally fatal.

There is no showing in the petition, however, that the same is an authorized action by the petitioners in their official capacity, and this would seem to render the petition insufficient as a matter of law. Upon the argument, however, it was stated that the petitioners were duly proceeding in their official capacity, and that the institution of this proceeding had been authorized by a resolution of the board of trustees.

Upon its being pointed out on the argument that there was a failure of the petition to plead the resolution of the board of trustees and that it failed in other respects to set forth material facts having a bearing upon the merits of the proceeding, the attorney for the petitioners informally requested leave to serve an amended petition. It is clear that a petition in an article **78** proceeding is amendable (see Civ. Prac. Act, §§ 105, 1294,

and *People ex rel. Denney* v. *Clark,* 257 App. Div. 905), and in the interests of justice, the petitioners will be given a general right to amend.

It should be noted that merit in the proceeding sufficiently appears to justify the giving of such leave to amend. There are allegations that there was no testimony nor any exhibits whatever introduced at the hearing before the board and that no minutes of the hearing were kept. It is claimed by the return of the board that testimony was taken but it also appears that the board purported to act in whole or in part upon facts within the personal knowledge of its members and that there may be a question whether its determination may stand in that such facts are not sufficiently stated in the decision of the board. (See *People ex rel. Fordham Manor Rd. Church* v. *Walsh,* 244 N. Y. 280, 287, and *Matter of Bach* v. *Board of Zoning & Appeals of Town of North Hempstead,* 282 App. Div. 879. See, also, *Matter of Barry* v. *O'Connell,* 303 N. Y. 46, 51, 52.) Also if the board failed to keep a record of the testimony upon which it acted, and there was a failure to make specific findings as to facts supporting its determination, it may be that the matter will have to be remitted to the board. (See *Matter of Bach* v. *Board of Zoning & Appeals of Town of North Hempstead, supra, and Hempstead Bottling Works Corp.* v. *Patterson,* 117 N. Y. S. 2d 103.) If the parties so stipulate, the order hereon may so provide. Otherwise, the determination of the court is that the petition be dismissed but that the petitioners may serve an amended petition within ten days after service of order hereon with notice of entry, and the respondents may make return and answer thereto within ten days after service of the petition.

Submit order on notice.