Arthur D. Brennan, J.
The municipal defendant and the individual defendant move to dismiss the cross complaint of the corporate defendant for legal insufficiency in that the cross complaint does not contain an allegation that a written notice of the corporate defendant’s claim was served upon the municipal defendant in compliance with section 50-e of the G-eneral Municipal Law.
The cross complaint (served under Civ. Prac. Act, § 264) seeks to establish the right to indemnification against the municipal defendant to recompense it for whatever damages the corporate defendant may be obliged to pay to the plaintiff. The basis of the corporate defendant’s claim is the primary and affirmative negligence of the municipal defendant. *332 Both section 50-e of the General Municipal Law and section 265 of the Charter of the City of Mount Vernon contemplate the filing of a notice of claim after the cause of action against the municipal defendant shall have arisen.
A cause of action for indemnity, such as alleged in the cross complaint herein, does not accrue until the actual payment of the main claim (Dunn v. Uvalde Asphalt Paving Co., 175 N. Y. 214), whether, such payment be made pursuant to judgment (Satta v. City of New York, 272 App. Div. 782), or the loss or damage be voluntarily paid by the innocent party who is legally liable without waiting for judgment (Dunn v. Uvalde Asphalt Paving Co., supra, p. 218).
Thus, until payment of the main claim is made by the corporate defendant, it is not required to serve a notice of claim under section 50-e of the General Municipal Law.
However, the corporate defendant was not required to file a notice of claim in order to maintain the "cause of action alleged in its cross complaint. This court is of the view that Matter of Valstrey Serv. Corp. v. Board of Elections (2 N Y 2d 413) is the authority for such a determination. There, the court was considering a third-party action, brought pursuant to section 193-a of the Civil Practice Act, for indemnification on the theory that Valstrey was at most chargeable with passive negligence whereas the defendants in the third-party action were guilty of active negligence. It was held (p. 416) that the object of said section 193-a is to avoid circuity of action by enabling the issues of indemnification to be determined upon evidence in the principal action when the principal action is tried and that this “ presents an exception to the usual rule that an action can be commenced only after the plaintiff’s cause of action has accrued, and is a case which has been omitted from the coverage of sections 52 of the County Law and 50-e of the General Municipal Law. ’ ’ The court also held that the aforesaid sections were not designed to apply to such a situation under consideration, otherwise ‘ ‘ the advantage of this third-party practice could not be extended to cases involving municipal or other public corporations.”
This court is of the opinion that whether indemnity be sought under section 193-a or section 264 of the Civil Practice Act is of no moment. Section 193-a permits claims over against parties who are not yet parties to the action while section 264 permits, between parties already in the action, claims over concerning facts involved in the plaintiff’s claim (Galka v. City of New York, 285 App. Div. 27).
Accordingly, the motion is denied. Submit order.