■ LAZARUS I. LEVINE et al., Plaintiffs, v. DONALD MITEER et al., Defendants and Third-Party Plaintiffs-Respondents. VILLAGE OF LIBERTY, Third-Party Defendant-Appellant.— Appeal from an order of the County Court, Sullivan County, denying a motion for dismissal of a third-party complaint. Plaintiffs in the instant action are seeking to recover $500 for services rendered to respondents, police officers in the Village of Liberty, in connection with a conspiracy charge brought against respondents by a fellow police officer. On October 26, 1959 respondents served a third-party complaint on the Mayor of the Village of Liberty and three members of the Village Board of Trustees, asserting liability over on the theory that the hiring of plaintiffs to defend them was authorized by the board. This complaint was dismissed by the court below because the complaint was directed against the board members individually rather than against the village and because there was no allegation of compliance with section 341-b of the Village Law. Within the time specified in the

order dismissing the first third-party complaint, a notice of claim was filed and an amended third-party complaint was served directed against the village and reciting compliance with section 341-b of the Village Law. It is from a denial of a motion to dismiss this amended third-party complaint that the instant appeal is brought. As pointed out by the court below when a pleading is attacked as insufficient not only must it be construed liberally and broadly and with the benefit of all fair inferences and intendments (Civ. Prac. Act, § 275), but also all material allegations of fact present therein as well as any inferences that can reasonably be drawn therefrom must be considered as true (e.g., *Garvin* v. *Garvin*, 306 N. Y. 118). The first ground on which appellant urges reversal is that the complaint states no cause of action because there is no allegation that the Village Board in whom the sole nondelegable authority to employ counsel on behalf of the village reposes ever hired plaintiffs in accordance with the applicable provisions of the Village Law, citing *Seif* v. *City of Long Beach* (286 N. Y. 382). While we find correct appellant's statement of the substantive law here applicable, the third-party complaint alleges that the requests for the legal services here involved were not made by the police officers as individuals "but were made with the express authority of the members of the Board of Trustees of the defendant through its member and Police Commissioner Donald Miteer and as members of the Police Department of said defendant acting in the scope of their duties as such in a matter arising out of police business of the defendant Village of Liberty; and upon the advice, contrivance, consent and authority of such defendant acting through its Board of Trustees." Even though there is no specific allegation of a resolution or legislative act as such we find the above-quoted allegation sufficient on this motion to raise a question of fact as to whether or not the board did authorize the retention of counsel by respondents pursuant to the applicable provisions of the Village Law. Appellant's next argument for dismissal is that payment of the legal services would constitute a gift to the individuals involved and therefore be unconstitutional. It is well settled that the village could not provide funds for the defense of an official in a criminal action or even in a civil action where no benefit inures to the village (*Matter of Chapman* v. *City of New York*, 168 N. Y. 80; *Buckley* v. *City of New York*, 170 Misc. 412, affd. 264 App. Div. 116, affd. 289 N. Y. 742). It is equally settled, however, that where an action is defended as an official duty rather than for personal motives it is proper for the village to authorize payment of expenses (*Buckley* v. *City of New York, supra*). While we might hope that the instant complaint would allege more facts to indicate that the defense for which the services are sought herein was conducted in an official capacity, we find it sufficient to state a cause of action. Appellant's third argument is that the third-party complaint does not establish a possible ground for indemnity. In view of the position we have taken on appellant's first two arguments this contention is untenable since if respondents establish at a trial that the defense was undertaken as an official act and that the board authorized the respondents as its agents to retain counsel therefor, the right to indemnification is clearly established. Appellant's final argument that dismissal should be granted because section 341-b of the Village Law was not properly complied with in that the third-party action was not commenced within 18 months of the accrual of cause of action by the lawyers against the respondents and that there was no observance of the 40-day period between notification of claim and institution of the action is clearly precluded by *Matter of Valstrey Serv. Corp.* v. *Board of Elections* (2 N Y 2d 413). (See, also, *Antonelli* v. *City of Mt. Vernon*, 20 Misc 2d 331.) Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.