Jerome L. Steinberg, J.
This is an action by the plaintiff against the defendant for the unauthorized towing of his automobile. Joseph Fiore was acting as agent of the defendant, Industrial Scrap Iron Corp., which impleaded the City of New York.
The vehicle in question was purchased by plaintiff from one Morris Stern, for $350 on September 29,1969. Notwithstanding the sale, Mr. Stern permitted his license plates to remain on the vehicle until Sunday, October 5, 1969. During the period between the sale and removal of the license plates, Mr. Stern actually drove the vehicle from time to time, with the permission *211 of Mr. Turkel. On October 5, Mr. Stern removed the license plates and placed them on his newly acquired vehicle, after paying the required fees to the Department of Motor Vehicles. The vehicle then remained in front of Mr. Stern’s home until October 7,1969, on which day, it was towed away by Mr. Fiore, acting for Industrial Scrap Iron Corp. Mr. Stern testified that on the day it was towed away, he started the motor of the car, so as to prevent the admittedly old battery from running down, and that the car, at that time was in good running condition.
When Mr. Stern arrived home that evening, he saw that the vehicle was missing. After ascertaining that Mr. Turkel had not removed it, he reported what he believed to be a theft, to the police, who apparently refused to entertain his report, because Mr. Stern was not the owner of the car.
The efforts of Mr. Stern and plaintiff to recover the vehicle are touching, but not entirely relevant. Suffice it to say that they finally learned that it was taken by Industrial Scrap Iron Corp., pursuant to a contract with the city for the removal of 11 Abandoned Cars ’ ’. Industrial Scrap acted on authority of a written order by the City of New York, which required them to remove the vehicle within 48 hours, under the terms of a contract with the city. As a matter of fact, this vehicle was removed on the day that the removal order was issued.
On October 10, plaintiff learned that Industrial Scrap had towed his car. As this was a Friday, plaintiff asked defendant to hold the car until Monday, due to his observance of the Sabbath, which in the winter months, begins early Friday evening. He agreed to pay the $10 towing charge, which he was informed would be assessed against him. On Monday, he went to the scrap yard, but was unsuccessful in locating his car. One or two days later, he was informed by telephone from the defendant that his car had been located and that he could pick it up upon payment of the aforesaid towing fee. He returned to the yard on that same day and found his car stripped of tires, steering wheel, generator, starter motor and other essential parts, preparatory to its being crushed into a cube of scrap metal. He was tendered the removed parts by the defendant’s representative, who stated that they could be reinstalled for about $25. However, when plaintiff tendered this additional sum, he was informed that they did not do this type of work. Also, no tires were tendered as defendant claimed that was how he received the car. Since plaintiff had no way of reinstalling the missing parts, he was compelled to leave the car, which was now valueless to him. He is now suing for the $300 jurisdiction of the court.
*212 Defendant concedes removal of the car, but claims it did so pursuant to its contract with the city and a removal order, which pursuant to the contract, requires them to remove the car within 48 hours. They contend that if they are liable to plaintiff, then the city is liable to them on their claim over.
Clearly, it is in the interests of the public to remove derelict vehicles from the city’s streets. The court must determine, however, whether a vehicle in apparent good condition can be deemed abandoned when it remains without license plates for less than 48 hours. Assuming the city had such a right, the court must determine whether the defendant had the right to canibalize the car within the brief period between its removal and its location by plaintiff, especially after plaintiff notified the defendant of his claim. If the city had no such right, then its authority to defendant was improper. If so, plaintiff could recover from defendant. The question then arises as to whether the third-party claim would be valid, as against the city’s defense of failure to comply with section 50-e of the General Municipal Law. The court answers this in the affirmative. Section 50-e refers to actions in tort. This is a contractual relationship. (Matter of Valstrey v. Board of Elections 2 N Y 2d 413; Antonelli v. City of Mt. Vernon, 20 Misc 2d 331.)
The court finds the facts to be as follows :
1. The vehicle in question was without license plates for less than two days when towed.
2. The vehicle was in apparent good condition at the time of towing, with tires and all essential parts.
3. The value of the car at the time was equal to at least $310.
4. In view of its being on the public street for more than 24 hours without license plates, the city did not act unreasonably in deeming the vehicle abandoned.
However, the court finds in favor of the plaintiff, against the defendant Industrial Scrap Iron Corp. for the following reason:
Section 8 of the contract between the city and the defendant states in part as follows: ' ‘ The contractor shall remove such vehicle from the streets to his storage yard and shall not dispose of or dismantle any such vehicle removed for a period of at least five days. The contractor, however, shall not be required to store any vehicle under this paragraph for a period of more than five days unless otherwise directed in writing by the Police Department or the Department of Sanitation.”
Plaintiff was not a party to this contract. Clearly the import of this section was such as to afford persons whose vehicles were not, in fact abandoned, the opportunity to recover them. Plain *213 tiff notified defendant of Ms claim well witMn the five-day period. The awareness of this claim by defendant is clearly demonstrated by the fact that it did ultimately locate plaintiff’s automobile.
Under the circumstances in this case, defendant acted improperly in destroying plaintiff’s vehicle after receiving notice of his claim, and in refusal to restore the vehicle when it was given the opportunity to do so. The claim over against the city is denied. Since the initial removal was a proper one under the circumstances, the city cannot be held responsible for the subsequent irresponsible behavior of the defendant in failing to afford plaintiff the opportunity of recovering his property.
Since the $10 towing charge does not offset the difference between the value of the car and the jurisdictional limits of this court, plaintiff is awarded judgment in the sum of $300.