■ STANLEY PARK, INC., Respondent, v. JOHN DONOVAN et al., Constituting the Board of Appeals of the Incorporated Village of Freeport, Appellants. —In a proceeding pursuant to article 78 of the CPLR to review appellants' determination denying respondent's application for a zoning variance, the appeal is from a judgment of the Supreme Court, Nassau County, entered May 9, 1969, which annulled the determination and directed appellants to grant the variance. Judgment reversed, on the law, with costs, and matter remanded to appellants to allow the respondent herein the opportunity to present the

proof hereinafter specified to support its application for a use variance. In our opinion, respondent's present proof is defective in that it does not show by the requisite "dollars and cents" evidence that the subject premises cannot yield a reasonable return if used only for the purposes allowed within the zone in which it is located (*Matter of Otto* v. *Steinhilber,* 282 N. Y. 71, 76, mot. for rearg. den. 282 N. Y. 681; *Matter of Forrest* v. *Evershed,* 7 N Y 2d 256; *Matter of Crossroads Recreation* v. *Broz,* 4 N Y 2d 39). Absent such proof, no right to a variance is established. Furthermore, the judgment annulling the denial by the board of the application to permit the construction and operation of a restaurant with only a 10-foot variance in violation of the setback requirements and the denial of the application to permit the maintenance of a free-standing sign and directing the board to permit same is reversed subject to reconsideration at such time as the respondent herein may obtain the use variance to permit the construction and operation of a restaurant. The proceeding is therefore remanded so that respondent, if he be so advised, can resubmit it's proof in accordance with the foregoing. Christ, P. J., Rabin, Martuscello, Kleinfeld and Benjamin, JJ., concur.