Memorandum. Judgment of the court below (see 82 Misc 2d 35) unanimously modified by vacating the award against the city and Satellite Auto Parts, Inc., and directing judgment in favor of plaintiff against Satellite Auto Parts, Inc., only in the reduced sum of $300, and as so modified, affirmed.
Plaintiff instituted this small claims proceeding against defendant, Satellite Auto Parts, Inc., to recover $500 for the destruction of her automobile. Defendant, in turn, impleaded the City of New York. After trial, judgment was awarded in favor of plaintiff against both defendants in the sum of $503.20.
Inasmuch as plaintiff did not sue the City of New York, it was improper for the trial court to award plaintiff judgment against it. Moreover, the issue of the city’s liability is not properly before this court, since defendant, Satellite, does not *763 appeal from the failure of the trial court to rule on its claim over against the city.
If we were to reach the issue of the city’s liability, we would hold that since plaintiff left her car on the street for over six hours without license plates, the city did not act unreasonably in deeming the car abandoned (Vehicle and Traffic Law, § 1224, subd 1, par [a]; subd 2). The removal of the vehicle was a proper exercise of the city’s police power, since it clearly has a legitimate interest in removing apparently derelict vehicles from the city’s streets (Block v Hirsh, 256 US 135, 155; Queenside Hills Co. v Saxl, 328 US 80, 83; Matter of Engelsher v Jacobs, 5 NY2d 370, 373, cert den 360 US 902).
In our opinion, defendant, Satellite Auto Parts, Inc., under the circumstances disclosed herein, improperly destroyed plaintiff’s vehicle after having been notified by plaintiff that the vehicle was not, in fact, abandoned (Turkel v Fiore, 62 Misc 2d 210). However, plaintiff’s recovery should be reduced to the amount above indicated as the credible evidence was insufficient to sustain a recovery in the amount awarded by the court below.