■ ALICE T. WENZ, Appellant, v PHILIP H. WENZ, Respondent. — In an action for divorce, plaintiff appeals from an order of the Supreme Court, Rockland County (Leggett, J.), dated September 11, 1981, which granted defendant's motion to dismiss the complaint at the close of the plaintiff's case for plaintiff's failure to prove a prima facie case. Order reversed, on the law, motion denied, and new trial granted, with costs to abide the event. By dismissing the complaint for failure to prove a prima facie case, the trial court concluded that, as a matter of law, the evidence adduced on plaintiff's case did not constitute sufficient proof of cruel and inhuman treatment. Based on the record before us, we cannot say that, prima facie, the evidence was insufficient to establish cruel and inhuman treatment. Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.

■ In the Matter of BARBARA S. BLUMBERG et al., Appellants, v HARRY J. SIEGEL et al., Constituting the Board of Zoning Appeals of the Town of North Hempstead, et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Board of Zoning Appeals of the Town of North Hempstead, which, after a hearing, granted respondent Triad's application for a use variance, petitioners appeal from a judgment of the Supreme Court, Nassau County (Murphy, J.), dated June 19, 1981, which dismissed the petition on the merits. Judgment reversed, on the law, without costs or disbursements, and petition granted to the extent that the determination is annulled and the matter is remitted to the respondent zoning board for further proceedings consistent herewith. In order for an applicant to be granted a use variance based on unnecessary hardship, he must establish (1) that the land in question cannot yield a reasonable return if used for any of the purposes allowed in that zone, (2) that his plight is due to unique circumstances and not to general neighborhood conditions which may reflect the unreasonableness of the zoning ordinance itself, and (3) that the use to be authorized by the variance will not alter the essential character of the locality (*Matter of Village Bd. of Vil. of Fayetteville v Jarrold,* 53 NY2d 254, 263; *Matter of Otto v Steinhilber,* 282 NY 71, mot for rearg den 282 NY 681). In our opinion, Triad's present proof is defective, for it does not show by the requisite "dollars and cents" evidence that the subject premises cannot yield a reasonable return if used for one of the purposes permitted within the zone in which it is located (see *Matter of Village Bd. of Vil. of Fayetteville v Jarrold, supra; Matter of Otto v Steinhilber, supra; Matter of Forrest v Evershed,* 7 NY2d 256). Accordingly, we remit the matter to the zoning board (see *Stanley Park v Donovan,* 34 AD2d 690). Mangano, J. P., Gulotta, Thompson and Brown, JJ., concur.