OPINION OF THE COURT
Eli Wager, J.
When a member of a town board on her own initiative and without board authorization brings a proceeding against the town’s board of zoning appeals pursuant to subdivision 7 of section 267 of the Town Law, is she acting within the scope of her “public employment or duties”? This is the primary issue raised on this motion by the respondent Town of North Hempstead and its Town Attorney to dismiss this article 78 proceeding in which the petitioner Barbara Blumberg seeks a judgment directing the town to provide for her defense in an action instituted against her as a result of a proceeding she brought against the board of appeals.
THE FACTS
It appears that Blumberg was at all relevant times a councilwoman serving on the Town Board of the Town of *9 North Hempstead and that while serving in that capacity she, together with others including several civic associations, brought an article 78 proceeding challenging the board of zoning appeals’ grant of a use variance to Triad Land Associates. In the petition Blumberg is described as a “duly elected Town Councilwoman” and a “taxpayer” of the Town of North Hempstead. The petition was dismissed by Special Term but on appeal Special Term was reversed and the determination of the board of zoning appeals annulled and the matter remitted for further proceedings (Matter of Blumberg v Siegel, 87 AD2d 650). Prior to the reversal, Triad Land Associates commenced an action against all of the petitioners in the article 78 proceeding including Blumberg who is described, inter alia, as “a holder of public office”. The gravamen of Triad’s complaint was malicious prosecution and abuse of process on the part of the article 78 petitioners. By motion returnable on February 1, 1982 Blumberg moved in this court for summary judgment dismissing the Triad action and the motion was granted by Justice McCaffrey in an order dated February 25, 1982.
Meanwhile, in September of 1981 upon receipt of the Triad complaint, Blumberg asked the Town Attorney to provide for her defense and when the request was denied she retained private counsel and, in December, commenced the instant proceeding.
In support of their motion to dismiss, the respondents urge that Blumberg is not entitled to the relief she seeks essentially upon the ground that she did not comply with section 23-15.2 of the Town Code which details the conditions under which the town will provide for the defense of an employee in a civil action (see, also, Public Officers Law, §§17, 18). The code defines the word “employee” to include any person holding a position “by election, appointment or employment in the service of the town and all members of all boards and commissions of the town.”
Subdivision A of section 23-15.2 of the code provides, inter alia, that the town shall provide for the defense of an employee in a civil action or proceeding “arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting within the scope of his public employment or duties, or *10 which is brought to enforce a provision of § 1981 or 1983 of Title 42 of the United States Code.” Subdivision B provides in pertinent part that an employee coming within the provisions of subdivision A shall be entitled to representation by private counsel of his choice whenever the Town Attorney determines, based upon his investigation and review of the facts and circumstances of the case, that representation by the Town Attorney would be inappropriate or whenever a court upon motion determines that a conflict of interest exists and that the employee is entitled to be so represented. Subdivision C provides that where the employee delivers process and a request for defense assistance to the Town Attorney as required by section 23-15.4, the Town Attorney shall take steps, including retention of private counsel as provided in subdivision B, on behalf of the employee to avoid entry of a default judgment pending resolution of any question pertaining to the obligation to provide for a defense. Section 23-15.4 provides in pertinent part as follows:
“A. The duty to defend or indemnify and save harmless prescribed by this Article shall be conditioned upon:
“(1) Delivery, to the Town Attorney by the employee, of the original or a copy of any summons, complaint, process, notice, demand or pleading within five (5) days after he is served with such document; and
“(2) The full cooperation of the employee in the defense of such action or proceeding”.
The respondents allege that:
(1) Blumberg failed to deliver the summons and complaint to the Town Attorney within the five-day period prescribed in the code;
(2) she did not obtain a determination by the Town Attorney that representation by the Town Attorney would be inappropriate before she retained private counsel; and
(3) the acts alleged in the Triad complaint did not occur while she was acting within the scope of her public employment or duties, nor was the action brought to enforce a provision of section 1981 or 1983 of title 42 of the United States Code.
*11 It appears that the summons and complaint was timely delivered to the Town Attorney, although delivered on the sixth day, since the fifth day was a Sunday. It also appears that Blumberg did request a determination that representation by the Town Attorney would be inappropriate, although it also appears that the procedures for doing so in subdivision B of the code never became operative because the Town Attorney had already determined that she did not come within the provision of subdivision A on the ground that commencing the proceeding against the board of appeals was not an act within the scope of her public employment or duties. The purpose of the provision requiring delivery of the summons and complaint is to afford the governmental entity an opportunity to make precisely that determination (see Lapidot v State of New York, 88 Misc 2d 1090).
Thus, the only issue is whether Blumberg was sued by Triad for an act done within the scope of her employment or duties as a public officer.
ACTS WITHIN THE SCOPE OF OFFICIAL DUTIES
Preliminarily, it is noted that an attorney may not be compensated for services rendered a municipal board or officer unless he has been retained in accordance with statutory authority or appropriate resolution of the governing body (Corning v Village of Laurel Hollow, 48 NY2d 348; Cahn v Town of Huntington, 29 NY2d 451; Seif v City of Long Beach, 286 NY 382; see, also, Gavin v Board of Supervisors of Rensselaer County, 221 NY 222). Without the benefit of authorizing legislation, reimbursement by a municipality of the expense incurred by a board or officer in defending an action would constitute a gift of public funds for a purely private purpose, a matter expressly forbidden by section 1 of article VIII of the New York State Constitution (see, e.g., Corning v Village of Laurel Hollow, supra; Leo v Barnett, 48 AD2d 463, affd 41 NY2d 879). Where an officer is compelled to engage counsel to avoid personal liability for alleged misconduct, it has been held that no benefit inures to the municipality and that the officer is not representing the public interest (see, e.g., Levine v Miteer, 16 AD2d 990; Buckley v City of New York, 264 App Div 116; Matter of Kilroe v Craig, 208 App Div 93; *12 Donahue v Keeshan, 91 App Div 602; see, also, Corning v Village of Laurel Hollow, supra). The rationale is that when a citizen accepts a public office he assumes the risk of defending himself against unfounded accusations at his own expense (Corning v Village of Laurel Hollow, supra; Matter of Chapman v City of New York, 168 NY 80). On the other hand, where a statute, prospective in application, authorizes payment of such expenses, the conditional promise to reimburse is regarded as part of the compensation the officer shall receive in return for services to be rendered (see Gavin v Board of Supervisors of Rensselaer County, supra), provided, of course, that the accusation against which he defends grew out of his “official duties” (Matter of Guarino v Anderson, 259 NY 93).
It has been said that the acts of a public officer are performed within the “scope of official duties” if such acts are done in relation to matters committed by law to the officer’s control or supervision (Cooper v O’Connor, 107 F2d 207). It has also been said that the test for determining an “official duty” is whether the officer is acting within the scope of what he is employed to do (United States v Cho Po Sun, 409 F2d 489; United States v Heliczer, 373 F2d 241). As a general rule, municipal officers have only such powers as are expressly granted by statute or by sovereign authority or those which are necessarily to be implied from those granted (56 Am Jur 2d, Municipal Corporations, § 276).
No section of the Town Law details the duties of individual members of a town board. Instead, the statute spells out the powers and duties of the board itself as a legislative, governing and policy determining body (see Town Law, §§ 51, 64), including the power to adopt a zoning ordinance (Town Law, § 261), the power to provide by ordinance for the enforcement of such an ordinance (Town Law, § 268) and the power to initiate actions in the name of the town to enjoin violations (Town Law, § 135). Section 267 of the Town Law directs appointment by the town board of a zoning board of appeals. Although section 267 of the Town Law grants to the board of appeals original jurisdiction to grant variances from the zoning ordinance (Matter of Bach v Board of Zoning & Appeals of Town of North Hempstead, 282 App Div 879) and the town board *13 has no jurisdiction to do so (Jaffe v Burns, 64 AD2d 692; 1976 Atty Gen [Inf Opns] 180), the town board may bring or defend an action or authorize or direct any town officer to initiate an action in the name of the town (Town Law, § 65) and, primarily because of the town board’s functions and duties concerning zoning regulations, it has sufficient interest as a legislative body to seek review, particularly, of a determination of the board of appeals (Matter of Fox v Adams, 206 Misc 236).
Nevertheless, no statute has committed to any one member of a town board individual control or supervision of any aspect of the zoning power. Although a legislator derives powers and duties from the power to vote, these derivative powers and duties are essentially participatory: in addition to the power to vote on legislative measures and to confirm appointments, a legislator is empowered to conduct or participate in a legislative investigation and to conduct discussions with or to persuade or influence other legislators (People v Ginsberg, 80 Misc 2d 921, affd 50 AD2d 804; People v Adams, 86 Misc 2d 634). A legislator may also exercise a power or authority expressly conferred by law or derived from an actual relationship between the legislator in his legislative capacity and a particular matter. In sum, a town councilman is not employed to sue the board of appeals and such an action is not within the scope of his employment or duties unless he has been directed to bring the action in the name of the town by the town board.
The fact that subdivision 7 of section 267 of the Town Law authorizes “any officer, department, board or bureau of the town” (including a member of the town board [see, e.g., Matter of Bachety v Volz, 65 Misc 2d 176, affd 39 AD2d 842]) to seek review of board of appeals’ determinations in an article 78 proceeding does not compel a different conclusion. Since the powers and duties of many such officers, departments, boards or bureaus of a town — virtually the entire municipal government — have nothing at all to do with the issue of variances or zoning generally, it cannot be said of all of them that suing the board of appeals relates to matters committed by law to their discretion or control or that such is what they are employed to do. Thus, the section cannot be construed as defining a scope of public *14 employment or duty. Instead, as is true of all standing provisions, the section goes only to the issue of whether a party has sufficient interest in the litigation to render the matter justiciable (see discussion in Warth v Seldin, 422 US 490). It is noted that the comparable section of the Village Law (Village Law, § 7-712, subd 3) as enacted in 1972 (L 1972, ch 892, § 3) provides that “[a]ny officer, department, board or bureau of the village” may bring an article 78 proceeding against the zoning board of appeals only “with the approval of the board of trustees”. The revised Village Law suggests that the Legislature has some doubt as to whether any officer or entity other than the legislative body responsible for the zoning ordinance has the requisite interest and surely suggests that suing the board of appeals is not an act within the scope of the employment or duties of anyone else, at least until there is a directive to sue by the legislative body.
It is concluded that Blumberg was not acting within the scope of her public employment or duties when she brought the article 78 proceeding against the board of appeals (even though she had standing to do so and even though she performed a valuable service on behalf of her constituents as evidenced by the outcome) and that, accordingly, the town cannot be compelled to provide for her defense in Triad’s subsequent action for malicious prosecution. On the same rationale, Blumberg had no implied authority to employ counsel to defend her under the rule enunciated in Cahn v Town of Huntington (29 NY2d 451, supra), since the rule requires that she have undertaken the defense in the public interest and in conjunction with her “official duties”.
Given this determination, it is unnecessary to reach the respondents’ other contentions, although it should be noted in passing that their argument that Blumberg was es-topped to bring the proceeding against the zoning board of appeals because she had previously voted approval of Triad’s site plan is nonsense. Site plan approval is a ministerial act which can be compelled by mandamus; where the plan submitted is in compliance with the ordinance (or where necessary variances have been granted) and all procedures required for site plan approval have been com *15 pleted by the applicant, approval is not a matter which lies within the discretion of the town board (see 3 Rathkopf, Law of Zoning and Planning, § 44.05; see, also, Bederson v Township of Ocean, 134 NJ Super 9). The town board has no power to hear appeals from a determination of the board of appeals (1976 A tty Gen [Inf Opns] 252) or to overrule the latter board’s determinations (Shulhan v Hamtramck City Council, 5 Mich App 399).
Submit judgment dismissing the petition.