[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is the appeal of Major John Zanders from the action of the Zoning Board of Appeals of New Haven denying an application for a special exception and a variance.
On January 10, 1992, the plaintiff, Major John Zanders, New Haven Commander of the Salvation Army, filed an appeal from a decision of the New Haven Board of Zoning Appeals. The citation named the Zoning Board of Appeals of the Town of New Haven, Stephen Young and Olivia Martson as defendants. The plaintiff had applied to the Board of Zoning Appeals for variances and a special exception for property owned by the Salvation Army at 450 George Street, New Haven. The plaintiff alleges that he is an aggrieved person because he is an agent of the Salvation Army and was seeking the variances and exception on behalf of the Salvation Army.
The court raised the issue of aggrievement and asked the parties to brief this issue. The Zoning Board of Appeals filed its brief accompanied by a motion to dismiss the appeal for lack of subject matter jurisdiction. The plaintiff filed a brief accompanied by a motion to join the Salvation Army as an additional party plaintiff.
Said motion to dismiss should be granted: and the court should not: act on the motion to add the Salvation Army as a party plaintiff.
Section 8-8 provides a right of appeal for "any person aggrieved" by a decision of a Zoning Board of Appeals. General Statutes 8-8(b). The statute defines "aggrieved person" as "a person aggrieved by a decision of a board. . . ." General Statutes CT Page 66058-8(a)(1). Also included in that definition is "any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes 8-8(1). This "type of aggrievement has been referred to as `statutory aggrievement.'" Pierce v. Zoning Board of Appeals., 7 Conn. App. 632, 636. Persons who appeal claiming to be "aggrieved by a decision of the board," on the other hand, must satisfy the following test:
 "First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision."
Winchester Woods Associates v. Planning Zoning Commission,219 Conn. 303, 307. "This type of aggrievement has been referred to as a `classical aggrievement'". Pierce, supra, 636. An owner of the subject property is aggrieved and entitled to bring an appeal. Winchester Woods, supra, 308, Bossert Corporation v. Norwalk, 157, Conn. 279, 285.
"One may be aggrieved within the meaning of the various statutes authorizing appeals when he is affected only in a representative capacity." Milford v. Commissioner of Motor Vehicles, 139 Conn. 677, 681 quoting Keating v. Patterson,132 Conn. 210, 212 n. l. However, the courts have only recognized a legal duty that gives rise to standing in a representative capacity in limited situations: the duty of a government entity to protect the public interest; see, e.g., Milford v. Commissioner of Motor Vehicles, supra; Keating v. Patterson, supra; and the fiduciary duty of a trustee to protect the interest of others; see, e.g., Waterbury Trust Co. v. Porter,130 Conn. 494, 499-500. "The right to appeal in a representative capacity is predicated on a person having a legal or fiduciary duty to protect the interests of those whom he purportedly represents." McNeil v. Tyson, 37 Conn. Sup. 624, 626. See Mystic Marinelife Aquarium, Inc. v. Gill, 175 Conn. 483, 496, (Association representing property owners but owning no property itself cannot represent its members based on their property interests) Second Exeter Corporation v. Epstein, 5 Conn. App. 427, (collection agent for lessor trying to sue debtor in agent's name lacked standing despite agent's claim of fiduciary duty to principal). CT Page 6606
"The question of aggrievement is one of fact to be determined by the trial court on appeal." Primerica v. Planning Zoning Commission, 211 Conn. 85, 93. "Unless the plaintiff alleges and proves aggrievement, his case must be dismissed." Fuller v. Planning Zoning Commission, 21 Conn. App. 340, 343. "Aggrievement is established if `there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected.'" Hall v. Planning Commission, 181 Conn. 442, 445.
The parties agreed at oral argument that Zanders is not statutorily aggrieved. Therefore, the only question is whether Zanders is classically aggrieved. Zanders alleges that he is aggrieved by the Board's decision because he is an agent of the Salvation Army and was acting on behalf of the Salvation Army. In his brief Zanders asserts that he is the authorized representative of the Salvation Army in the New Haven area. He does not define the legal relationship between the Salvation Army and its commanding officer. The Salvation Army, as owner of the property, is an aggrieved party. As an individual, however, Zanders has alleged no personal and legal interest in the property that has been specially and injuriously affected by the Board's decision. Therefore, Zanders is not classically aggrieved and this appeal should be dismissed for lack of subject matter jurisdiction.
"When the issue of subject matter jurisdiction is brought to the attention of the trial court, it must decide the question of jurisdiction before it proceeds any further with the case." Johndrow v. State, 24 Conn. App. 719, 722. Since "[p]leading and proof of aggrievement [are] prerequisites to the trial court's jurisdiction"; Walls v. Planning Zoning Commission, 176 Conn. 475,479, the court must address aggrievement before it can address the motion to add a party. Having found that Zanders is not an aggrieved party, the court has no jurisdiction to hear the appeal and the motion to add the Salvation Army as a party plaintiff is moot. See Johndrow v. State, supra (motion to substitute made by party without standing is moot); see also Airport Valet Parking, Inc. v. Windsor Locks Zoning Board of Appeals, 5 CTLR 440, 441 (January 9, 1992, Mulcahy, J.) (motion to intervene filed after statutory time period denied).
Accordingly the motion to dismiss is granted and the appeal is dismissed for lack of subject matter jurisdiction.
Ronald J. Fracasse, Judge CT Page 6607