## Kevin Pierce et al. *v.* Zoning Board of Appeals of the Town of Harwinton et al.
### (4204)

Dupont, C. J., Hull and Borden, Js.

Argued April 9—decision released June 10, 1986

*John L. Gerardo,* with whom, on the brief, was *William T. Barrante,* for the appellants-appellees (plaintiffs).

*H. James Stedronsky,* with whom, on the brief, was *John J. McGrath, Jr.,* for the appellee-appellant (named defendant).

*Thomas F. Wall, Jr.,* for the appellee (defendant Frances Mazzochi).

BORDEN, J. The plaintiffs appeal and the named defendant cross appeals from the trial court's judgment in favor of the defendants. In the plaintiffs' appeal, the decisive issue is whether the trial court erred by finding that the plaintiffs failed to give proper notice of their declaratory judgment action to "all persons having an interest in the subject matter of the complaint" pursuant to Practice Book § 390 (d). Because we find no error in the trial court's conclusion regarding Practice Book § 390 (d), the named defendant's cross appeal, which pertains to additional findings of the trial court, is rendered moot.[1]

On March 18, 1984, the defendant, Frances Mazzochi, applied to the defendant Harwinton zoning board of appeals (the board) for a lot size variance to construct a house on her undersized lot in that town. On April 2 and April 7, 1984, prior to the hearing on Mazzochi's application, the board published notices of a public hearing in a local newspaper. The notices stated that the hearing pertained to "Frances Mazzochi, Spring Hill

---

[1] The trial court also reached the merits of the complaint in addition to deciding the issues which pertain to the Practice Book's notice requirements, and rendered judgment for the defendants. Because we agree with the court's conclusion that a declaratory judgment was improperly invoked and that the action should have been dismissed, these latter conclusions, which go to the merits of the plaintiffs' complaint, are surplusage. Therefore, the form of the judgment must be modified. See *Benz* v. *Walker,* 154 Conn. 74, 80, 221 A.2d 841 (1966) (dismissal is appropriate remedy where plaintiffs in declaratory judgment action failed to give proper notice).

Road, Harwinton, Connecticut, requesting a variance from section 13 to build a single family residence." The property which was the subject of the hearing was Mazzochi's lot thirty-four on Woodland Drive in Harwinton. There was no indication in the notices that lot thirty-four on Woodland Drive was the subject of the hearing.

The hearing was held on August 11, 1984. The named plaintiff, Kevin Pierce, whose land abuts lot thirty-four, had seen the hearing notice and he attended the hearing, assuming that the notice pertained to lot thirty-four. On April 25, 1985, the board published notice of its decision to grant Mazzochi's application. Thereafter, Pierce and his wife initiated this declaratory judgment action claiming that the board's notices were defective and, therefore, that the board's decision was null and void. The trial court granted the plaintiffs' motion for an order of notice of the declaratory judgment action to six landowners of property abutting or across the street from lot thirty-four. These landowners were subsequently served with notice by certified mail. The trial court also granted the motion of three persons, who owned two parcels of land near lot thirty-four, to be added as plaintiffs.

The court rendered judgment in favor of the defendants on the ground that the plaintiffs had failed to comply with the notice requirements of Practice Book § 390 (d).[2] This appeal followed.

"Practice Book, 1978, § 390 (d) governing actions for declaratory judgment requires all persons having an interest in the subject matter of the complaint to be parties to the action or have reasonable notice thereof. Failure to observe this requirement deprives the court

[2] The court also rendered a default judgment against the purchasers of Mazzochi's property, who were joined as defendants pursuant to the plaintiffs' amended complaint. This judgment is not involved in this appeal.

of jurisdiction over the case. *State ex rel. Kelman* v. *Schaffer,* 161 Conn. 522, 526–27, 290 A.2d 327 (1971)." *Pinnix* v. *LaMorte,* 182 Conn. 342, 343, 438 A.2d 102 (1980). We have consistently required strict adherence to this rule. *Echo Four* v. *Hill,* 3 Conn. App. 118, 122–23, 485 A.2d 926, cert. denied, 195 Conn. 801, 487 A.2d 564 (1985).

The subject matter of the plaintiffs' complaint was the alleged invalidity of the board's hearing notices and its decision on the Mazzochi application. General Statutes § 8-7, which governs, inter alia, the notice requirements for hearings before zoning boards of appeals provides, in part, that "[n]otice of the time and place of such hearing shall be published in a newspaper having a substantial circulation in [the] municipality . . . Notice of the decision of the board shall be published in a newspaper having a substantial circulation in the municipality and addressed by certified mail to any person who appeals to the board . . . . " The defendants claim that because the subject matter of the plaintiffs' complaint pertained to the issue of the validity of the board's notices, all those individuals who were entitled to that notice, namely the general public of Harwinton, were entitled to be notified of the declaratory judgment action. In contrast, the plaintiffs contend that only those persons who own land abutting or within 100 feet of lot thirty-four were due notice of this declaratory judgment action. We agree with the defendants, but for reasons different from those advanced by them.

General Statutes § 8-8 (a) provides in part that "[a]ny person or persons severally or jointly aggrieved by any decision of [a zoning] board, or any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said board . . . may . . . take an appeal to the superior court . . . . " Thus, pursuant to General Statutes

§ 8-8 (a), a person may derive standing to appeal based solely upon his status as an abutting landowner or as a landowner within 100 feet of the subject property. *Nick* v. *Planning & Zoning Commission,* 6 Conn. App. 110, 112, 503 A.2d 620 (1986). This type of aggrievement has been referred to as "statutory aggrievement." Id., 111 n.3. Such persons are not, however, the only ones who are or may be entitled to appeal from the decision of a zoning agency. Other persons may be found to be aggrieved if they " 'successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. [In addition], the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision.' " *Walls* v. *Planning & Zoning Commission,* 176 Conn. 475, 477–78, 408 A.2d 252 (1979). This type of aggrievement has been referred to as "classical aggrievement." See *Mystic Marinelife Aquarium, Inc.* v. *Gill,* 175 Conn. 483, 491–93, 400 A.2d 726 (1978).

We agree with the plaintiffs that a person's interest in the subject matter of the complaint, for purposes of the notice requirements of Practice Book § 390 (d), is defined by and limited to those who are aggrieved because such persons may " 'demonstrate [an] interest in the subject matter of the decision.' " *Walls* v. *Planning & Zoning Commission,* supra. We disagree, however, that the number of such aggrieved persons is further limited to those who are statutorily aggrieved by virtue of their status as abutting landowners or landowners within 100 feet. Because the concept of aggrievement includes persons beyond those who are aggrieved by virtue of their status as abutting landowners or landowners within 100 feet; *Tazza* v. *Planning & Zoning Commission,* 164 Conn. 187, 190, 319

A.2d 393 (1972); the persons interested in the subject matter of the plaintiffs' complaint are not limited to those who are statutorily aggrieved.[3] Those persons who are interested in the subject matter of the complaint do not automatically include, however, all persons in the "community as a whole"; *Walls* v. *Planning & Zoning Commission,* supra; contrary to the defendants' argument, because all members of the community as a whole could not demonstrate the requisite specific interest in the property, as distinguished from a general community interest. Id.

Thus, even if we assume that the plaintiffs have given notice to those persons who own land "which abuts or is within a radius of one hundred feet of [lot thirty-four]"; General Statutes § 8-8 (a); the plaintiffs still have not met the requirements of Practice Book § 390 (d) because these persons are not the only ones who have an interest in the determination of the subject matter of the complaint. See *Tazza* v. *Planning & Zoning Commission,* supra. Those members of the general public who might be able to establish classical aggrievement were also entitled to be notified of the pendency of the plaintiffs' action. The only practical way to ensure that those persons received notice was to publish a notice "in a newspaper having a substantial circulation in [Harwinton]." General Statutes § 8-7.

This does not mean that any member of the Harwinton general public automatically has standing to appeal

---

[3] The plaintiffs argue that the only persons interested in this declaratory judgment action are they and the defendants, because the action simply seeks to return lot thirty-four to its status quo before the decision of the board. Thus, they claim, no one else could possibly have an interest in what they seek to do. We disagree. This argument overlooks the fact that there may be persons who were classically aggrieved by the decision of the board, and thus interested in the subject matter of this action, who would want to join with the plaintiffs in seeking to overturn the board's decision. These persons were entitled to notice of this action.

from the board's decision. See *Walls* v. *Planning & Zoning Commission,* supra. There is a distinction between those persons who are due notice, pursuant to Practice Book § 390 (d), of the plaintiffs' complaint, which seeks a judgment declaring the invalidity of a public notice issued pursuant to General Statutes § 8-7, and those persons who are or may be considered to be aggrieved within the meaning of General Statutes § 8-8 (a). The determination of aggrievement involves the question of whether a person has standing to appeal; *Tazza* v. *Planning & Zoning Commission,* supra; whereas the notice requirements of Practice Book § 390 (d) involve the question of whether the court has subject matter jurisdiction over a declaratory judgment action. *Echo Four* v. *Hill,* supra. In this case, however, there is an overriding practical consideration, namely, that the requirement of notice in conformity with the requirements of General Statutes § 8-7 is the only practical means by which to insure due notice of this declaratory judgment action to all persons who arguably could assert classical aggrievement by the action of the board and who, therefore, were interested in being apprised of the hearing and action of the board. Because the plaintiffs failed to give the notice required pursuant to Practice Book § 390 (d), the trial court lacked jurisdiction to hear the complaint.

On the appeal, there is error in the form of the judgment only, the judgment is set aside and the case is remanded with direction to render judgment dismissing the complaint. The cross appeal is dismissed as moot.

In this opinion the other judges concurred.