[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before the court is the plaintiff's appeal of a decision by the defendant Zoning Board of Appeals for the Town of Wolcott which granted variances to one Louis Grenier. The variances are to Article Four, Section 4.4.8 and to Article 12, Section 12.4 of the town's zoning ordinance.
Because the applicant's lot has a frontage of 85 feet, it was already non-conforming. Pursuant to the regulations, therefore, the minimum sideyard setback requirement is (at 20%) 17 feet. The variance to Article Four, Section 4.4.8, entitled "Setbacks for Non-conforming Lot Frontage", allowed the applicant a sideyard setback of 13.2 feet. The second variance to Article 12, Section 12.4, which is entitled "Extension or Enlargement," allowed an extension or enlargement of an existing non-conforming building or structure.
The plaintiff is the owner of land which abuts the subject property. She is therefore a statutorily aggrieved person who is permitted to appeal the defendant-Board's decision. Section 8-8, Conn. Gen. Stat.; Pierce v. Zoning Board of Appeals, 7 Conn. App. 632,635-36 (1986).
A zoning board of appeals may grant a variance pursuant to Section 8-6 (3) of the General Statutes, provided, however, that two conditions are met: "(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." Grillo v. Zoning Board of Appeals, 206 Conn. 362, 368 (1988).
In ruling upon the propriety of the Board's decision there are certain basic principles which a reviewing court must apply. Those principles may be summarized as follows:
 "The ZBA `is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable arbitrary or illegal.' Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152, 543 A.2d 1339 (1988). `When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the CT Page 7322 decision.' Daughters of St. Paul, Inc. v. Zoning Board of Appeals, 17 Conn. App. 53, 56, 549 A.2d 1076 (1988).
 `Courts must not substitute their judgment for that of the zoning board and must not disturb decisions of local boards as long as honest judgment has been reasonably and fairly exercised after a full hearing.' Molic v. Zoning Board of Appeals, 18 Conn. App. 159, 164, 566 A.2d 1049 (1989)."
Fernandas v. Zoning Board of Appeals, 24 Conn. App. 49, 53 (1991).
A search of the record reveals the bases of the defendant's decision that an unusual hardship existed to be the following:
 (1) the applicant's need for additional bedrooms because of an increase in the size of his family;
 (2) the fact that the addition had already been constructed and that, in the view of the board members, it was an improvement to the subject property, while not obstructing the view of any adjacent property owner;
 (3) the presence of a wall on the property which implicitly limited construction in an alternate location which would place the addition in close proximity to the well; and
 (4) the claimed presence of ledge whose removal would require blasting with a consequential risk to adjoining property.
"It is well settled that the granting of a variance must be reserved for unusual or exceptional circumstances. Proof of hardship is a condition precedent to granting a variance" . . . and the burden of proof in this regard rests with the applicant. Kelly v. Zoning Board of Appeals, 21 Conn. App. 594, 598, 599
(1990).
It is the court's finding that the first reason given (need for added living space) is entirely personal and does not arise from unusual or exceptional circumstances. "Personal hardships, CT Page 7323 regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance." Garibaldi v. Zoning Board of Appeals,163 Conn. 235, 239-40 (1972).
As to the second reason, the hardship (if it can be said to be one) is self-created or self-inflicted. "Where the hardship results from the voluntary act of the property owner, . . . the zoning authority lacks the authority to grant a variance." Spencer v. Zoning Board of Appeals, 15 Conn. App. 387, 389-90 (1988).
Whether the location of the well restricts improvement which, in the absence of the well, would not have required a variance is unclear. What is clear is that presence of the well and its location were the choice of the applicant or his predecessor in title. The hardship or circumstances necessitating relief did not arise, therefore, by virtue of the zoning ordinance, but rather by the voluntary act of the owner or a prior owner. Under such circumstances the defendant, as to the third reason given, is without power to grant a variance Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 712 (1988); Highland Park Inc. v. Zoning Board of Appeals, 155 Conn. 40, 43 (1967).
As to the last reason, there is a paucity of probative evidence regarding the presence of ledge and its effect on any permissible development of the property. Its location is nowhere indicated on the map submitted to the Board, and the Chairman's assertion that, "there is a serious blasting problem with ledge all over their property," is simply unsupported by any evidence contained in the minutes and transcript of the meeting. Likewise, there is no evidence, ledge or no ledge, to preclude a conclusion that the applicant could have constructed an addition with a width four feet less than the addition actually constructed, thereby avoiding a violation of the ordinance and the need for a variance. In short, the applicant has failed to present evidence to support a finding of unusual or exceptional circumstances by virtue of the presence of underground ledge.
"The zoning board's action must be sustained if even one of the stated reasons is sufficient to support it." Iannucci v. Zoning Board of Appeals, 25 Conn. App. 85, 89 (1991). This court is unable to find that even one such reason is legally sufficient.
Accordingly, the plaintiff's appeal is sustained.
GAFFNEY, J.