[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the Glastonbury Town Plan and Zoning Commission ("Commission") approving special permit and subdivision applications of the defendant Reinis Pukinskis. As approved by the Commission, Mr. Pukinskis was granted subdivision approval to develop six lots and a special permit to construct three of the proposed houses on the rear lot CT Page 7354 of property owned by him. Under the applicable Glastonbury Plan and Zone Regulations ("Regulations"), rear lot construction requires special permit approval. Prior to the Commission approving the subdivision application, the Glastonbury Zoning Board of Appeals granted a variance of the special permit requirements of Section 6.8.4 d of the Regulations which allows two rear lots to be served by a common driveway. As a result of the variance one driveway would serve three rear lots.
I. AGGRIEVEMENT
The plaintiff is an abutting landowner of the property in question. As such he is aggrieved by the decision of the Commission. General Statutes § 8-8 (a); Pierce v. Zoning Boardof Appeals of Town of Harwinton, 7 Conn. App. 636 (1985).
II. STANDARD OF REVIEW
When acting upon a special permit or subdivision application a zoning commission acts in its administrative capacity.Sheridan v. Planning Board, 159 Conn. 1, 16 (1970). The commission's function is to determine whether the criteria set forth in the applicable regulations have been satisfied. If a special permit or subdivision application conforms with the standards in the regulations, it must be approved. Daughter's ofSt. Pauls's Inc. v. Zoning Board of Appeals, 17 Conn. App. 53
(1988). A special permit or subdivision application can be denied only for failure to comply with the specific standards set forth in the regulations, and not for vague, general reasons. Id. The credibility of witnesses is a matter entrusted to the discretion of the commission. Spectrum of Connecticut. Inc. v.Planning Zoning Commission, 13 Conn. App. 159 (1988). When reviewing a decision approving a special permit or subdivision application the Court determines whether the reasons given are reasonably supported by the record and pertinent to the zoning regulations. Housatonic Terminal Corp. v. Planning and ZoningBoard of the City of Milford, 168 Conn. 304 (1975). A trial court may reverse a commission's decision only when the agency has acted illegally, arbitrarily or has abused its discretion.Jeffrey v. Zoning Board of Appeals, 155 Conn. 451, 461 (1967).
III. PLAINTIFF'S CLAIMS
The plaintiff challenges both the subdivision and special permit approvals obtained by the plaintiff. His first claim is CT Page 7355 that the Plan and Zone Commission failed to properly consider the health and safety aspects of the proposed subdivision. In particular he alleges that the Commission violated § 3.3 of the Glastonbury Subdivision and Resubdivision Regulations:
 No land shall be subdivided unless it shall be of such character that it can be used for building purposes without danger to health and public safety regulations of the Town and State of Connecticut.
A review of the record demonstrates that the Commission gave proper consideration to health and safety concerns. It received reports from the Conservation Commission, the Town Sanitarian and the Water Pollution Control Authority. No objection to the proposal was raised in any of these reports. In addition the Commission report received positive reports from the police and fire departments. There is nothing in the record to suggest that the Commission did not properly consider health and safety concerns. Nor is there any basis for concluding that the Commission's decision was not based on substantial evidence.
The plaintiff next contends that the Commission improperly concluded that Purtill Street is a "public highway." In reaching that decision the Commission received the opinion of the Town Planner that Purtill Street is a public highway. In addition, after questions were raised as to the status of Purtill Street the Commission obtained an opinion from the Town Attorney. Relying on information made available to him and his independent review of certain records the Town Attorney concluded that Purtill Street was a public highway under the relevant case law. Plaintiff's argument that the Town Attorney relied on incorrect or incomplete information is not supported by the record. Based on the information presented to it the Commission properly concluded that Purtill Street is a public highway.
The plaintiff's third argument is that the Zoning Board of Appeals improperly approved a variance of the special permit requirements limiting rear lot development to two lots per driveway. While the basis of plaintiff's argument is not entirely clear, it appears to be that special permit requirements cannot be modified. While it is true that special permit requirements cannot be modified or altered by the agency reviewing the special permit application, Gregorio v. ZoningBoard of Appeals, 155 Conn. 422 (1987); the plaintiff has not CT Page 7356 identified any legal impediment to a zoning board of appeals varying the requirements of a special permit upon the appropriate showing of hardship. Further, neither plaintiff nor any other party appealed the decision of the Zoning Board of Appeals, thus waiving any claim to challenge its decision in this proceeding.
Finally, the plaintiff cites violations of various subdivision regulations. The import of his argument appears to be that the Commission failed to establish the so-called "street line" for Purtill Road. In fact the Commission did establish such a street line by reaffirming the existing street line. The plaintiff has not presented any authority suggesting that the Commission's reaffirmation of the existing line is an abuse of its discretion, arbitrary or illegal.
Accordingly, the plaintiff's appeal is dismissed.
SO ORDERED.
Robert L. HoIzberg, J.