[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the defendant Zoning Commission of the Town of Simsbury ("Commission") granting the defendant-applicant ("applicant") Simsbury Turnpike Realty Co.'s application for a site plan amendment. The principal issue in this case is whether the Commission erred in calculating the number of parking spaces required for the proposed Staples Office Superstore.
The facts of this case are largely undisputed. The applicant sought permission to renovate the business-zoned site located at the intersection of Route 44 and Route 167 in Simsbury. The building in question, presently subject to an existing site plan, is one of six in a commercial plaza and was formerly the home of an AP supermarket. The other buildings in the plaza include the G. Fried Carpet store. The applicant seeks to amend the existing site plan for the purpose of adding a 2,350 foot addition to the rear of the former supermarket which is the proposed site of a Staples Office Superstore.
The application to amend the existing site plan set forth the number of allotted parking spaces based on the calculations of the defendant's engineer. The proposed amended site plan recommended 199 parking spaces, a reduction of seven from the existing 206 spaces. The reduction was accomplished by designating certain storage area in the G. Fried Carpet store as "warehouse" space, as opposed to retail space, thereby requiring fewer parking spaces under the applicable zoning regulations. As a result of proposing fewer than 200 spaces, the applicant was not required to submit its proposal to the State Traffic Commission.
I. Aggrievement
The plaintiff presented evidence demonstrating that she is the owner of the parcel abutting the property which is the subject of the present appeal. She is therefore aggrieved by the decision of the defendant commission. Pierce v. Zoning Board ofAppeals of Town of Harwinton, 7 Conn. App. 632, 636 (1986).
II. Standard of Review
Where the agency acts upon a site plan application, it acts in an administrative capacity. Goldberg v. Zoning Commission ofTown of Simsbury, 173 Conn. 23, 29 (1977). In reviewing site plans, the commission has no independent discretion beyond CT Page 14629 determining whether the plan complies with applicable regulations. Barberino Realty Development Corp. v. Planning Zoning Commission of Town of Farmington, 25 Conn. App. 392
(1991). The question for the reviewing court is whether or not the application submitted conformed to the agency's regulations. Id. The court may not substitute its judgment for that of the zoning authority. Its inquiry is limited to whether the reasons given by the commission are reasonably supported by the record.Goldberg v. Zoning Commission, 173 Conn. 23 (1977).
III. Discussion
The plaintiff's principal claim is that the Commission incorrectly calculated the number of parking spaces for the site in question. Pursuant to the Simsbury Zoning Regulations, the required number of parking spaces is a function of the use of the property, the total floor area and a multiplier set forth in the regulations. Thus, retail space requires 2.75 parking spaces per 500 square feet of retail floor area, while warehousing requires .25 parking spaces for every 500 square feet of warehousing space.
In this case the original site plan required 207 parking spaces based on the treatment of both the G. Fried and AP buildings as exclusively retail space. In the amended site plan application, however, 1,800 square feet of that retail space was designated as "warehousing", thereby reducing the total number of required parking spaces from 207 to 196. The plaintiff contends that because warehouses are not allowed in a B-3 zone, it was error for the Commission to allow the reduction in parking spaces by virtue of denominating some of the retail space as "warehousing." She further contends that the regulations do not allow separate parking ratios to be allocated to the same building.
The plaintiff's engineer determined, and the Commission approved the finding, that a portion of the G. Fried retail space is not used for retail, but instead for the storage of inventory. The Commission's conclusion does not constitute a finding, sub silentio, that in fact that the property was being used as a warehouse, a use unquestionably prohibited in a B-3 zone. Rather, the Commission's conclusion was reasonably based on its determination that the entire retail space is not used used for retail purposes. While the Commission's finding on this issue is certainly subject to reasonable debate, its conclusion that 199 CT Page 14630 parking spaces, and not 207, are required for the uses in question is not so arbitrary or capricious as to require reversal of its decision. Under all of the circumstances, the Commission could reasonably find that the defendant's application complied with the site plan requirements. Goldberg v. Zoning Commission, supra.
The plaintiff next argues that the Commission approved a signage plan that exceeds the amount of signage permitted under the applicable regulations. The allowable signage is equal to one square foot of signage for each lineal foot of frontage. Because the building in question, 15 Albany Turnpike, has 285.5 lineal feet of frontage, 285.5 feet of signage is permitted. In this case, the total square feet of signage approved by the Commission is 278.5 feet. This is within the limits permitted by the Regulations. Accordingly, the Commission did not err in approving the amended site plan based on 278.5 square feet of signage.
For the foregoing reasons, the plaintiff's appeal is dismissed.
SO ORDERED.
Robert L. Holzberg, J.