[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 12, 1997
FACTS
This is an appeal from the decision of the Zoning Board of Appeals of the City of Stamford (ZBA), pursuant to General Statutes § 8-8. It arises out of an application by Stamford Ridgeway Associates, L.P. (Ridgeway) for zoning approval for the Ridgeway Shopping Center property (Ridgeway property). The Ridgeway property is an existing shopping center which Ridgeway intends to renovate. On December 6, 1993, the Stamford Zoning Board adopted an amendment to the Stamford Zoning Regulations establishing a new zoning district entitled "Community Shopping Center District-Designed (CSC-D)." (April 11, 1996 Affidavit of Anthony Strazza, ¶ 6). The Zoning Board then approved two applications by Ridgeway on October 3, 1994, one to change the Ridgeway property to the CSC-D zone and the other for general site and architectural plans (Affidavit of Anthony Strazza, Exhibits A and B: Zoning Board Certificates). On March 6, 1995, the Zoning Board approved an application submitted by Ridgeway for final site and architectural plans for the Ridgeway property. (Affidavit of Anthony Strazza, Exhibit C: Zoning Board Certificate). Finally, the Stamford Zoning Enforcement Officer (ZEO), Anthony Strazza, granted Ridgeway's application for zoning CT Page 7114 approval of the Ridgeway property renovation project on November 14, 1995. (Affidavit of Anthony Strazza, ¶ 10). Pursuant to General Statutes § 8-6 and § 19-1.2 of the Stamford Zoning Regulations, the plaintiff, James Caporizo, filed a timely application with the Stamford ZBA, appealing the zoning approval issued by the ZEO. (Return of Record (ROR), Item 2: ZBA Application). The plaintiff essentially claimed that zoning approval was improperly granted because Ridgeway never applied for and the Zoning Board never granted a special permit. The ZBA held a board meeting on January 10, 1996, at which time it considered the plaintiff s application. (ROR, Item 6: Transcript of Board Meeting). No public hearing was held. The ZBA ultimately declined to hear the plaintiff's appeal "based on advice of Corporation Counsel." (ROR, Item 7: Certificate of Decision and Letter from the ZBA). Notice of the ZBA's decision was published on January 25, 1996. (ROR, Item 11: Legal Notice of Decision).
The plaintiff commenced a timely appeal from the decision of the ZBA, pursuant to General Statutes § 8-8 (b), by service of process on the assistant town clerk and the ZBA on February 7, 1996. Pursuant to General Statutes § 52-107 and Practice Book § 99, Ridgeway moved to be made a party defendant in the plaintiff's appeal, which motion was granted on March 25, 1996 In his appeal from the decision of the Stamford ZBA, the plaintiff alleges that the ZBA acted illegally, arbitrarily and in abuse of its discretion in that it: (a) failed to hold a public hearing in accordance with General Statutes § 8-7 and § 19-1.2 of the Stamford Zoning Regulations; and (b) had jurisdiction to hear the appeal, but erroneously determined that the Zoning Regulations were complied with even though Ridgeway never applied for and the Zoning Board never granted a special permit. (Plaintiff's Appeal, ¶ 23). Wherefore, the plaintiff seeks an order from the court directing the ZBA to hear the plaintiff's application.
AGGRIEVEMENT
Pursuant to General Statutes § 8-8 (b), "any person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located." Pleading and proof of aggrievement are essential to establish subject matter jurisdiction over an administrative appeal. Walls v. Planning Zoning Commission,176 Conn. 475, 479, 408 A.2d 252 (1979). It is a jurisdictional matter and a prerequisite to maintaining an appeal. Winchester
CT Page 7115Woods Associates v. Planning Zoning Commission, 219 Conn. 303,307, 592 A.2d 953 (1991).
"In the case of a decision by a . . . zoning board of appeals, `aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes § 8-8 (a)(1). "Abutting landowners or landowners within a radius of one hundred feet of the land involved in any decision of the zoning board are considered automatically aggrieved and have standing to appeal a decision of a zoning board without having to prove aggrievement." Smith v. Planning Zoning Board,203 Conn. 317, 321, 524 A.2d 1128 (1987). "This type of aggrievement has been referred to as `statutory aggrievement'"Pierce v. Zoning Board of Appeals, 7 Conn. App. 632, 636,509 A.2d 1085 (1986). Other persons may be found to be aggrieved if they demonstrate: (1) "a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole"; and (2) "that this specific personal and legal interest has been specially and injuriously affected by the decision." Walls v. Planning Zoning Commission, supra,176 Conn. 478. "This type of aggrievement is referred to as `classical aggrievement.'" Pierce v. Zoning Board of Appeals, supra,7 Conn. App. 636.
The plaintiff has failed to introduce evidence sufficient to support a finding of "classical aggrievement." Therefore, the plaintiff must satisfy the requirements of "statutory aggrievement" under § 8-8 (a)(1) in order to pursue this appeal.
In the present case, the plaintiff is the owner of a condominium unit. The plaintiff introduced into evidence the warranty deed to his condominium unit and the declaration of the condominium association, which was formed under the Connecticut Condominium Act, General Statutes §§ 47-67 through 47-90c. See Plaintiff's Exhibits 1 and 4. Although the plaintiff's individual unit is not within one hundred feet of the Ridgeway property, the condominium association property, of which the plaintiff owns an undivided interest in the common elements, abuts the Ridgeway property. The Connecticut Supreme and Appellate Courts have not addressed the issue of whether an undivided interest in the common elements of a condominium association is sufficient to establish statutory aggrievement. The Superior Courts that have CT Page 7116 addressed this issue, however, have all held that the owner of a condominium unit has a sufficient property interest in the common elements of the condominium association to satisfy the requirements of statutory aggrievement. See Slade v. Zoning Boardof Appeals, Superior Court, judicial district of New Haven at New Haven, Docket No. 372532 (November 6, 1995, Booth, J.); Buck v.Planning Zoning Commission, Superior Court, judicial district of New London at Norwich, Docket No. 103213 (July 13, 1994, Teller, J.); Stryker v. Zoning Board of Appeals, Superior Court, judicial district of New London at New London, Docket No. 511360 (August 22, 1991, Walsh, J.); Fromer v. Two Hundred PostAssociates, Superior Court, judicial district of New London at New London, Docket No. 507673 (January 6, 1989, Koletsky, J.) (4 C. S .C .R. 154, 155).
In addressing the issue of aggrievement of an individual condominium unit owner, the court in Slade v. Zoning Board ofAppeals, supra, noted that "the question of whether or not an interest in the common elements of a condominium association is sufficient to establish statutory aggrievement has never been addressed by the Appellate or Supreme Court of Connecticut." The court acknowledged, however, that ownership of a condominium as a basis for statutory aggrievement appears to have been approved inStryker v. Zoning Board of Appeals, supra, and Fromer v. TwoHundred Post Associates, supra. Relying in part on these decisions, as well as the definition of "condominium" in the Common Interest Ownership Act, General Statutes § 47-202
(8),[1] the court in Slade found that the plaintiff's ownership of an interest in the common elements of the condominium association property was sufficient to support a finding of statutory aggrievement under General Statutes § 8-8, even where the plaintiff's individual unit was not within one hundred feet of the subject property.
The court is not thoroughly convinced that ownership of a condominium unit, where the individual unit is not within one hundred feet of the subject property, is sufficient to establish statutory aggrievement. As the court in Slade noted, there is "a certain lack of logic in allowing a single unit owner to claim statutory aggrievement" because "[s]uch an appeal could conceivably be contrary to the wishes of all the other unit owners." Slade v. Zoning Board of Appeals, supra. See alsoWhitehead v. East Haven Planning Zoning, Superior Court, judicial district of New Haven at New Haven, Docket No. 374158 (September 28, 1995, Booth, J.) (homeowners in a campers CT Page 7117 association had an insufficient right in the common property of the association to satisfy the prerequisites of statutory aggrievement). Nevertheless, under General Statutes § 47-73
"[e]ach unit, together with its undivided interest in the common elements, shall for all purposes constitute real property." (Emphasis added.). Furthermore, "[e]ach unit owner shall own an undivided interest in the common elements, in the percentage expressed in the declaration." General Statutes § 47-74 (b). Based upon these statutory sections, the court finds that the plaintiff is a "person owning land that abuts" the subject property within the meaning of General Statutes § 8-8 (a) (1). Accordingly, the plaintiff is statutorily aggrieved, and the court will address the merits of the plaintiff's appeal.
DISCUSSION
"[A] zoning board of appeals . . . is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal. . . . The burden of proof to demonstrate that a board acted improperly is upon the party seeking to overturn the board's decision. . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant." (Internal quotation marks omitted.) Francini v. Zoning Board of Appeals, 228 Conn. 785,791, 639 A.2d 519 (1994). "The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached."Primerica v. Planning Zoning Commission, 211 Conn. 85, 96,558 A.2d 646 (1989).
In the present case, the ZBA simply "declined to hear" the plaintiff's appeal "based on advice of Corporation Counsel contained in his letter dated January 4, 1996." (ROR, Item 7). In its January 4, 1996, corporation counsel advised the ZBA that it lacked jurisdiction to hear the plaintiff's appeal for the following three reasons: (1) the appeal was untimely; (2) the appeal asks the ZEO and the ZBA to review a decision of the Zoning Board, which only a court can do; and (3) the substance of the appeal is without merit. (ROR, Item 5: Letter from Corporation Counsel to the ZBA). Relying on the advice of corporation counsel, the ZBA determined that it was not necessary to hold a public hearing to consider the plaintiff's application and declined to hear the plaintiff's appeal. (ROR, Item 6: CT Page 7118 Transcript of January 10, 1996 Board Meeting, pp. 5-6 and 9-11). Because the ZBA would not be hearing the plaintiff's appeal, the check submitted with the plaintiff s application was returned to the plaintiff's attorney. (ROR, Item 9: Letter of Georgia Bacon to Jonathan Spodnick).
In his appeal to the ZBA, the plaintiff essentially claimed that the ZEO erred in granting zoning approval for the Ridgeway property because Ridgeway failed to apply for and the Zoning Board failed to grant a special permit for the Ridgeway property as required by §§ 9F-7 and 9AAAA-7 of the Stamford Zoning Regulations. According to the plaintiff, "[t]he proper zoning approval has not been obtained to permit the construction of the proposed project. The building proposed, presumes that the `property' was re-zoned to CSC-D. The community shopping center district was never legally adopted." (ROR, Item 2: ZBA Application, "Reasons of Appeal"). Pursuant to § 9F-7 of the Stamford Zoning Regulations, "[a]ll applications for the designation and development of property within the CSC-D District shall conform to the review and application procedures of Section 9AAAA-7 and 8, except that references to water-dependent uses shall apply only within the Coastal Area." Section 9AAAA-7-b (4) applies to applications for the Designed Waterfront Development (DWD) District and provides in pertinent part: "No DWD District shall be approved or shall become effective unless the Board shall also approve a special permit and general development plans for the subject property." (Emphasis added.). Relying on this language, the plaintiff argued that a special permit was never requested by Ridgeway or approved by the Zoning Board as required by these regulations Therefore, the plaintiff claimed that "the CSC-D District has not been established and the [zoning] permit requested by the above mentioned should not have been issued." (ROR, Item 2). The plaintiff now claims that the ZBA abused its discretion in refusing to hold a public hearing in violation of General Statutes § 8-7 and § 19-1.2 of the Stamford Zoning Regulations, and in declining to hear the plaintiff's appeal in accordance with General Statutes § 8-6 and §19-1.2 of the Stamford Zoning Regulations.
In response to the plaintiff's claims, the defendants, Ridgeway and the Stamford ZBA, argue that the plaintiff's appeal is an improper attempt to obtain review of the Stamford Zoning Board's 1994 approval of the zone change for the Ridgeway property, long after the time for taking such an appeal has passed. Therefore, the defendants argue that the ZBA was correct CT Page 7119 in declining to hear the plaintiff's appeal because it did not have jurisdiction over the plaintiff's claims. In the absence of jurisdiction, the defendants maintain that a public hearing was not required. Finally, the defendants argue that because the ZBA "declined to hear" the plaintiff's appeal, there can be no administrative appeal and the plaintiff should pursue his mandamus action to compel the ZBA to hear and decide this matter.
In support of their arguments, the defendants rely on Sladev. Zoning Board of Appeals, supra. In Slade, the plaintiff appealed from the decision of the Branford ZBA, affirming the issuance of a certificate of zoning compliance by the ZEO. The court agreed with the ZBA that the plaintiff's appeal was to some extent an attempt to challenge the underlying action of the Branford Planning and Zoning Commission, which had previously granted a special exception for the subject property. Because the sole purpose of the plaintiff's appeal in Slade was to "correct the injustice created by the Planning and Zoning Commission," the court held that the plaintiff s sentiments were not within the jurisdiction of the ZEO, and did not form the subject matter of anything which may be appealed from the ZEO to the ZBA. The court noted that although the decision of the Planning and Zoning Commission may have been appealable, it was not appealed by the plaintiff. Therefore, the court found that the ZEO "made no error in reviewing these proceedings nor did she make any error in issuing the certificate of compliance." Accordingly, the court found no error in the action of the ZBA and dismissed the plaintiff's appeal.
The defendants' reliance on Slade is misplaced. Although the ZBA in Slade determined that it lacked "jurisdiction" to review the Planning and Zoning Commission's prior determinations, the Branford ZBA held a public hearing to consider the plaintiff's appeal and ultimately affirmed the ZEO's decision. Thus, the Branford ZBA fulfilled its duty under General Statutes § 8-6, and heard and decided the plaintiff's appeal. In contrast, the ZBA in the present case failed to hold a public hearing and simply declined to hear the plaintiff's appeal.
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. . . . The same principle applies to administrative agencies . . . including zoning authorities . . . . Once [a] board of appeals is provided for in the zoning ordinance, its powers stem directly from the statute . . . and CT Page 7120 its powers are not subject to restriction by provisions contained in the ordinance or amendments thereto." (Citations omitted; internal quotation marks omitted.) Caserta v. Zoning Board ofAppeals, 219 Conn. 352, 358-59, 593 A.2d 118 (1991). A zoning board of appeals "should indulge every presumption in favor of subject matter jurisdiction." Id., 362.
Pursuant to § 19-1.2 of the Stamford Zoning Regulations, "[a]ny person claiming to be aggrieved . . . by an order, requirement or decision made by the Zoning Enforcement Officer may appeal to the Zoning Board of Appeals as provided in Section8-7 of the Connecticut General Statutes as amended." This language tracks that of General Statutes § 8-6 (a), which provides in pertinent part: "The zoning board of appeals shall have the following powers and duties: (1) To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter [Chapter 124]. . . ." Furthermore, "[I]n deciding on any such appeal the Zoning Board of Appealsshall notice and conduct a public hearing in the manner prescribed under Section 8-3c of the General Statutes, as amended." (Emphasis added.) § 19-1.2.
The issuance of a zoning permit by the ZEO was a "decision" within the meaning of General Statutes § 8-6 and § 19-1.2 of the Stamford Zoning Regulations and the proceedings before the ZBA constituted an appeal from that decision. Pursuant to these sections, the ZBA is under a "positive duty" to hear such appeals. Harlow v. Planning Zoning Commission, 194 Conn. 187,196, 479 A.2d 808 (1984). Therefore, the record does not support a determination that the ZBA lacked jurisdiction over the plaintiff's appeal. Caserta v. Zoning Board of Appeals, supra,219 Conn. 359.
Based on § 8-6 and § 19-1.2, the plaintiff now seeks an order from the court directing the ZBA to hear and decide the plaintiff's appeal. An administrative appeal, however, can "only address the merits of the application and not the [ZBA's] refusal to consider the application on its merits." Harlow v. Planning Zoning Commission, supra, 194 Conn. 196. Rather, "a writ of mandamus is the proper action to compel the performance of such a duty." Palmieri v. Zoning Board of Appeals, 32 Conn. Sup. 625,627, 349 A.2d 731 (App. Sess. 1975). "Before the plaintiff [can] avail himself of the right to appeal pursuant to the provisions of § 8-8 of the General Statutes, it [is] necessary that the CT Page 7121 defendant render a decision because only a decision is appealable." Id.
The plaintiff is currently seeking a writ of mandamus to compel the ZBA to hear his appeal in a separate action. SeeCaporizo v. Stamford, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CV96 150829. Accordingly, the plaintiff's administrative appeal should be dismissed and the plaintiff should pursue his mandamus action.
MINTZ. J.