[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case raises questions regarding aggrievement and whether a planning and zoning commission improperly rejected a proposed amendment to its zoning regulations to permit helicopter landing sites by special exception in a rural residential zoning district. A property owner and her husband, who reside together on the wife's property, have appealed from the refusal of The Sharon Planning and Zoning Commission (hereinafter, "the Commission") to amend its regulations. The aggrievement issues are whether the plaintiff wife is aggrieved by denial of a zoning amendment that she never requested, and whether the plaintiff husband is aggrieved by that denial although not owning property that would be affected by the amendment. The Commission made its final decision on April 14, 1999. The appeal was served on the Commission on April 27, 1999, and filed that same day. This court held the trial of this case on December 6, 1999. For the reasons stated below, the court finds the plaintiffs to be aggrieved but on the merits, dismisses the appeal.
 I — Facts of the Case
The facts of this case are not in dispute. The plaintiff Barbara Sinclair is the owner of land located in a Rural Residential District in the Town of Sharon where she lives with her husband, the co-plaintiff James Sinclair. In a letter dated December 18, 1998, James Sinclair filed a petition with the Commission requesting an amendment to the Town of Sharon Zoning Regulations to permit, by special exception, helicopter landing areas in Rural Residential zoning districts in Sharon.[1]
CT Page 6248
After public notice,[2] the Commission held a public hearing on March 10, 1999. At that hearing, James Sinclair submitted an 11-page memorandum that summarized various aspects of federal law pertaining to regulation of aircraft and helicopters (pages one through three), Connecticut statutes, regulations and licensing procedures regarding helicopters and heliports (pages three and four), certain zoning regulations of the Town of Sharon (pages five through eight), and then presented his arguments why the Commission should adopt the proposed amendment. In addition, James Sinclair and his attorney both spoke before the Commission, essentially reiterating points made in the memorandum, answering specific questions and comments from the Commission, and responding to comments made by others who testified at the hearing. Sixteen town residents spoke at the hearing. The Commission also submitted into the record 20 letters it had received from town residents on the subject of the hearing.
On April 14, 1999, the Commission voted unanimously to deny the requested amendment.
 II — Aggrievement A — The Standards
Proof of aggrievement by the plaintiffs is a prerequisite to determining that the court has subject matter jurisdiction. General Statutes §§ 8-8 (a) and 8-9; Bakelaar v. West Haven, 193 Conn. 59, 65,475 A.2d 283 (1984): Hughes v. Town Planning and Zoning Commission(North Haven), 156 Conn. 505, 508, 242 A.2d 705 (1988). Plaintiffs may satisfy this jurisdictional requirement by proving either that they are "statutorily" or "classically" aggrieved. Pierce v. Zoning Board ofAppeals (Harwinton), 7 Conn. App. 632, 636, 509 A.2d 1085 (1986). A party is statutorily aggrieved if a statute grants a person or entity in the position of the party the right to appeal. For example, General Statutes §§ 8-8 (a) and (b) provide that "any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision . . . may take an appeal to the superior court. . . ." This test for statutory aggrievement is broader than the standard for classical aggrievement, which requires that plaintiffs satisfy a two-part test. To be classically aggrieved, plaintiffs must first demonstrate that they have a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest shared by all members of the community. Second, plaintiffs must establish that their personal and legal interest has been specially and injuriously affected by the decision. Walls v. Planning ZoningCommission, 176 Conn. 475, 477-78 (1979). CT Page 6249
On the issue of aggrievement, the court heard testimony from each of the Sinclairs. From that evidence, the court makes the following findings as to aggrievement. Barbara Sinclair owns the property in question, at which the two married plaintiffs reside. James Sinclair owns a helicopter and was once a licensed pilot, but because of blindness in one eye now employs a pilot. He uses the helicopter for business transportation to New York City and other cities and would like to use a helicopter landing site on the property in Sharon to do so. If the regulations were amended to permit the proposed helicopter usage, he would use the property for helicopter takeoffs and landings. The court further finds that such usage of the land would benefit both plaintiffs.
 B — Plaintiff Barbara Sinclair
The plaintiff Barbara Sinclair, meets the baseline criterion for statutory aggrievement of owning property that would be affected by the proposed zoning amendment. Although her husband was the only named petitioner in the request for a zoning regulation, nothing in the Sharon Zoning Regulations provides that only land owners may request changes in zoning ordinances. Nor do the general statutes require that zoning appeals to Superior Court may be brought only by the unsuccessful applicant for a zoning amendment.
There is a distinct division of opinion in judicial decisions on the question of whether the amendment of zoning regulations, or the denial of a request to amend such regulations, aggrieves a property owner for purposes of filing an appeal to the Superior Court. A number of courts have held that land owners are aggrieved by the amendment of zoning regulations affecting their property.[3] Other courts have held, to the contrary that a zoning amendment does not satisfy the criteria for statutory aggrievement unless it affects the particular parcel of land in a unique way not shared by other parcels of land.[4] The latter analysis, however, is more appropriate under the classical aggrievement test. As Judge Fuller notes, "[o]wners of land within the zone to which a zoning amendment applies are statutorily aggrieved, at least where the change only affects some and not all zones." R. Fuller, 9A Connecticut Practice Series: Land Use Law and Practice (1999), § 32.5, p. 110.
Section 8-8 does not require that a zoning amendment impose a unique effect on a particular parcel of land that is not shared by other parcels in order to confer standing on land owners within the zone.[5]
Rather, the statute, on its own terms, grants aggrievement to any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision." This language, on its face, gives statutory aggrievement to all land owners in a zoning CT Page 6250 district affected by a zoning amendment, for any such property owner in a zone to be affected by a zoning amendment would fit the criteria of owning "land involved" and also owning land abutting or within one hundred feet of "land involved."
Both parties cite to and rely on the case of Fletcher v. Planning andZoning Commission, 158 Conn. 497, 264 A.2d 566 (1969). In Fletcher, the plaintiff brought two zoning applications in the Town of Greenwich. In the first, relying solely on his status as an owner of property that would not be affected by the amendment, the plaintiff sought an amendment to zoning regulations that would create two new zoning categories. In the second, the plaintiff challenged the failure of the town to rezone other property that he had contracted to purchase either to the new zoning categories sought in the first case or to two other existing categories.
The Supreme Court in Fletcher overturned the trial court's finding of aggrievement in the first instance because "the mere denial of an application does not establish aggrievement." Id., 502. In the second case, since the court had sustained the commission's refusal to add the new zoning categories in the first case, the only issue appeal was the commission's failure to change the zoning designation for property that plaintiffs owned. On that issue, the court upheld the finding of aggrievement.
 [A]s the record owner, as trustee, of the eighty-three-acre tract and a contract purchaser of a lot within the tract whose right to purchase was conditioned on a change of zone, he had a specific, personal and legal interest in the subject matter of the commission's decision and was specially and injuriously affected in his property or other legal rights by the decision appealed from.
Id., 502-503.
Decided prior to the enactment of General Statutes § 8-8, theFletcher case rested on legal criteria that we would today classify as "classical aggrievement." Although not expressly so holding, theFletcher decision has become an underpinning for finding aggrievement on the part of the land owners challenging zoning amendments affecting their property. Thus in Timber Trails Corp. v. Planning ZoningCommission, supra, 222 Conn. 376 n. 3, the court, citing Fletcher, held that property owners were aggrieved by a zoning amendment affecting the zone in which their property was located. ("As owners of land in zone B, [the zoning district for which the defendant had increased minimum lot CT Page 6251 size requirements], the plaintiffs were aggrieved parties.")[6]
The only issue remaining, then, is whether a town's refusal to amend its zoning regulations gives rise to the same aggrievement as the actual adoption of an amendment. The court can see reason why one might, in some instances, distinguish between the two. This case, however, does not require deciding such an issue on an overall basis. It would be hard, on the facts here, to find that the plaintiffs' property was not "land involved" in the decision of this case.
On balance, reviewing the statutory language for aggrievement under § 8-8, and the many cases decided thereunder, and finding, on the evidence as presented here, that the plaintiff's property "was involved" in the decision of the Commission, this court finds the plaintiff Barbara Sinclair here to be statutorily aggrieved.[7] Even though she did not file the zoning application, plaintiff Barbara Sinclair is, under either a statutory or classical standard, aggrieved by the decision of the defendant to deny the use of her land requested in the zoning application. She owns the property in a zone that would be affected by the amendment. She has a specific, personal and legal interest in being permitted to use her property for a helicopter landing site, which is the subject matter of the requested zoning amendment. Her interest in that use of her property is distinct from the general interest in the question that may be shared by other members of the community. Further, her personal and legal interests have been specially and injuriously affected by the decision.
An owner of land that would be specifically affected by a proposed zoning amendment meets the statutory criteria of "any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision." Despite the division of authority in the Superior Court on this issue, this court believes that a contrary result would not comport with the statutory language of § 8-8 and would require the court to reject the holdings in Fletcher and TimberTrails, which are the primary appellate authority on this question.
 C — Plaintiff James Sinclair
Based on the facts the court has found here, the plaintiff James Sinclair is not statutorily aggrieved since he does not own property that would be affected by the proposed zoning amendment. The Connecticut Supreme Court has expressly recognized, however, that certain nonowners of land may be classically aggrieved for purposes of zoning appeals. "[T]he extent to which a party with an interest in the property other than that of an owner is aggrieved depends upon the circumstances of each case, because the concept of standing is a practical and functional CT Page 6252 one designed to ensure that only those parties with a substantial and legitimate interest can appeal an order." Primerica v. Planning ZoningCommission, 211 Conn. 85, 93, 558 A.2d 646 (1989). To show that a nonowner is aggrieved, the court must examine a variety of factors specific to the facts of each case, such as "whether the applicant is in control of the property, whether he is in possession or has a present or future right to possession, whether the use applied for is consistent with the applicant's interest in the property, and the extent of the interest of other persons in the same property." R R Pool Home, Inc.v. Zoning Board of Appeals, 43 Conn. App. 563, 572, 684 A.2d 1207 (1996).
James Sinclair has no present legally protected interest in affected property. He does, however, live in a zone that would be affected by the proposed zoning amendment. From the testimony of the parties, the court finds that he shares control of such premises with his wife. Although she could, as the owner, transfer the property without his consent, still, Mr. Sinclair, as spouse of the owner, has a potential interest in the property that would be protected by the courts of this state were she to begin proceedings to dissolve the marriage. Although the evidence does not disclose that he has a formal or written leasehold, his status is nonetheless something other than that of a mere tenant at will (for which the courts have been unwilling to find aggrievement; see Primericav. Planning Zoning Commission, supra, 211 Conn. 95).
Under the laws of succession, for example, upon his wife's death, he has a right, under § 45a-436 to, at minimum, a statutory share of "a life estate of one-third in value of all the property passing under [her] will, real and personal, legally or equitably owned by the deceased spouse at the time of his or her death, after the payment of all debts and charges against the estate" or, in the absence of a will, under the laws of intestate succession in § 45a-437, at least one-half share of the intestate estate. Moreover, his use of the property where he lives is significantly affected by the decision to deny the zoning application. Under all these circumstances the court finds that the plaintiff husband meets the standards for classical aggrievement. He has a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest shared by all members of the community. That interest was specially and injuriously affected by the Commission's decision to reject the proposed zoning amendment.
James Sinclair thus meets the criteria for aggrievement as a nonowner that the Supreme Court has set forth:
 The decisions have not been based primarily on whether a particular applicant could properly be CT Page 6253 characterized as an optionee or a lessee, but, rather, on whether the applicant was in fact a real party in interest with respect to the subject property. Whether the applicant is in control of the property, whether he is in possession or has a present or future right to possession, whether the use applied for is consistent with the applicant's interest in the property, and the extent of the interest of other persons in the same property, are all relevant considerations in making that determination
Richards v. Planning Zoning Commission, 170 Conn. 318, 323, 365 A.2d 1130
(1976). James Sinclair, based on the facts here, is a real party in interest with respect to the property he lives on and on which he seeks a helicopter landing site.
 IV — Standard of Review
The standard for review of the Commission's refusal to amend its regulations is well established. "In traditional zoning appeals, the scope of judicial review depends on whether. the zoning commission has acted in its `legislative' or `administrative' capacity. The discretion of a legislative body, because of its constituted role as formulator of public policy, is much broader than that of an administrative board. . . ." (Internal quotation marks omitted.) Kaufman v. Zoning Commission,232 Conn. 122, 150, 653 A.2d 798 (1995).
When a local planning and zoning commission considers amendments to the zoning regulations, it acts in a legislative capacity. "Acting in such legislative capacity, the local [zoning] board is free to amend [or to refuse to amend] its regulations whenever time, experience, and responsible planning for contemporary or future conditions reasonably indicate the need for [or the undesirability of] a change." (Brackets in original.) Id. In this case the Commission was thus vested with a discretion that was "broad"; D J Quarry Products, Inc. v. Planning Zoning Commission, 217 Conn. 447, 450, 585 A.2d 1227 (1991); and "wide and liberal," and that this court should not disturb "unless the party aggrieved by that decision establishes that the commission acted arbitrarily or illegally." Burnham v. Planning Zoning Commission,189 Conn. 261, 266, 455 A.2d 339 (1983). "Courts will not interfere with these local legislative decisions unless the action taken is clearly contrary to law or in abuse of discretion." Malafronte v. Planning Zoning Board, 155 Conn. 205, 210, 230 A.2d 606 (1967).
Judicial review of a zoning body's legislative decisions applies a different and more deferential "sufficient evidence" standard than the CT Page 6254 requirement of "substantial evidence" in the record necessary to sustain a decision in its administrative capacity.[8] "Legislative decisions reached by [a zoning] commission must be upheld by the trial court if they are reasonably supported by the record." (Citations omitted; internal quotation marks omitted.) Kaufman v. Zoning Commission, supra,232 Conn. 151. Contrary to the dictate of § 8-3 (f) requiring that a zoning body state reasons for enacting a zone change, a zoning commission is not required to give reasons for denying a zoning amendment. R. Fuller, 9 Connecticut Practice Series, supra, p. 156. "Failure to state reasons merely places a burden on the court to search the record to see whether the board was justified in granting the petition." Morningside Assn. v. Planning Zoning Board, 162 Conn. 154,156, 292 A.2d 893 (1972). "If any reason culled from the record demonstrates a real or reasonable relationship to the general welfare of the community, the decision of the commission must be upheld." Parks v.Planning Zoning Commission, 178 Conn. 657, 662-663, 425 A.2d 100
(1979).
 V — ISSUES PRESENTED
In arguing that the Commission's standard is not supported by "substantial evidence," the plaintiff claims that the Commission should have enacted the amendment because those speaking in opposition to their proposal at the hearing presented no evidence. A zoning commission's hearing to consider a legislative enactment is not an adversary proceeding, however, where the Commission, proponents of a proposed legislative enactment, or those opposing the change must produce evidence or fail in their burden of proof. Instead, zoning board members may not only consider any evidence offered at the legislative hearing when contemplating legislative proposals, but also apply their general knowledge of the community, its history, character, needs, and future development. R. Fuller, 9 Connecticut Practice Series, supra, p. 156.
Applying the "sufficient evidence" standard, the court finds sufficient evidence in the record to sustain the Commission's decision. The minutes of the Commission's meeting on April 14, 1999, when it voted to reject the proposed amendment, do not reflect a specific reason as to why the Commission so voted. Although the minutes do include reasons stated by individual Commission members for voting against the amendment, the court may only consider the collective reasons given by the Commission and not individual reasons of its members. Morningside Assn.v. Planning Zoning Board, supra 162 Conn. 156. ("Only reasons which motivated the board as a collective body should be stated.") Accordingly, the court must review the entire record to determine if there is sufficient evidence to support the Commission's decision.[9]
CT Page 6255
One question that the Commission was required to consider,[10] and stated that it did consider,[11] was whether the proposed amendment was in accord with the town's Plan of Development, one of whose "two general goals" was to "preserve and conserve the Town's critical natural resources, maintain its rural quality of life and permit development within this context." (Return of Record, No. 25, page 3.) The Commission had ample reason here to conclude that adopting this amendment would affect the town's rural quality of life. For example, the Commission received a memorandum from the Northwest Connecticut Council of Governments stating that "[a] helicopter is a noisy machine." Town residents who spoke or submitted letters at the hearing were also concerned about the noise caused by helicopters.
As the Commission correctly stated, permitting helicopters by special exception would mean that other residents than the plaintiffs could also use helicopters on their property. Given the proximity of Sharon to the New York metropolitan area and the desire of this land owner to use the heliport to commute to and from major northeastern cities, Commission members might well have concluded that other land owners might also want to use their property for similar purposes, and that the possibility of using property in the rural residential zone for a heliport might encourage other helicopter commuters to the Sharon area and thereby change the town's character from a primarily rural nature to more of a suburban or bedroom community. These are matters properly within the consideration of the defendant Commission.
Furthermore, the memorandum from the Northwest Connecticut Council of Governments stating that "[a] helicopter is a noisy machine" had recommended various modifications in the initial proposal. Yet under § 8-3 (c) of the general statutes, the Commission lacked authority to make any modifications in the proposal but instead had to enact or reject the specific proposed amendment.[12] See Michel v. Planning Zoning Commission, 28 Conn. App. 314, 326, 610 A.2d 720 (1992) (holding that under § 8-3 (c) "the commission had only two choices with regard to the request for a change of zone: approve the request or deny it.")[13] Commission members acted within their statutory mandate in doing so.[14]
In considering the merits of this appeal, the court therefore finds no illegality in the decision of the Commission. The court finds that the Commission's decision is reasonably supported by sufficient evidence in the record. Therefore, the decision of the Commission should be upheld.[15] Accordingly, the plaintiffs' appeal is dismissed.
SO ORDERED. CT Page 6256
BY THE COURT
Frazzini, J.