[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiffs, certain owners of units in a condominium called Hubbard Run with an access off Williams Street East, Glastonbury, appeal from the approval by the Glastonbury Planning and Zoning Commission of a special permit and site plan application filed by the defendant Ocean Watch, LLC. The application contemplates the construction and operation of a "Stop 
Shop Superstore" of 62,827 square feet and 288 parking spaces on the northeast corner of Oak Street and New London Turnpike. The one-story building is planned to be erected in the Planned Business and Development CT Page 17266 Zone and accessory surface parking to occupy the portion of the tract in the Planned Industrial Zone. The tract occupied by the Hubbard Run Condominium units is directly to the west of the subject premises across the New London Turnpike and a southerly off-ramp from Route 17, a limited access highway, which ramp comes from the west into the intersection of New London Turnpike, Oak Street and Williams Street East.
The defendant Ocean Watch has filed a motion to dismiss pursuant to G.S. 8-8 (J) claiming the plaintiffs do not have standing to appeal in that they are neither statutorily aggrieved nor classically aggrieved by the decision of the defendant Commission. Pierce v. Zoning Board ofAppeals, 7 Conn. App. 632, 636, 637. When a motion to dismiss for lack of standing is filed the plaintiffs-appellants have the burden of proving standing to appeal at an evidentiary hearing prior to a hearing on the merits of the appeal. G.S. 8-8(J); Tazza v. Planning ZoningCommission, 164 Conn. 187, 191.
The plaintiff claims to be both statutorily and classically aggrieved.
Section 8-8(a)(1) defines an "`aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." The plaintiffs claim to be abutting owners to the applicant's land on New London Turnpike under a premise that abutting owners to a road are presumed to own the fee of the land to the center of the highway. Antenucci v.Hartford Roman Catholic Diocese Corp., 142 Conn. 349, 356. They failed to demonstrate such because land lying to the northeast of Hubbard Run which accommodates an off-ramp from the limited access highway, Route 17 (see Defendant's Exhibit A) for which the State of Connecticut purchased and condemned the parcels along with the rights of access. (See Defendant's Exhibits D and E). Therefore, although there may be an intent to serve abutting landowners when ordinary or conventional roads are built, there is no such intent when land is condemned or purchased for a limited access highway, unless rights of access are specifically granted.Laurel, Inc. v. Commissioner of Transportation, 180 Conn. 11, 28. No such intent to grant access to abutting landowners has been made here. The shortest distance from the boundary of the applicant's property to the boundary of the Hubbard Complex is greater than 300 feet. Therefore, the plaintiffs have not proved that they are statutorily aggrieved.
The fundamental test for determining classical aggrievement encompasses a well settled twofold determination; first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole, and second, the party claiming aggrievement must successfully CT Page 17267 establish that this specific personal and legal interest has been specially and injuriously affected by the decision. Pomazi v. ConservationCommission of Redding, 220 Conn. 476, 482-3.
The area is a mix of commercial, industrial and residential uses. It contains many commercial uses including Monaco Ford, Langan Volkswagen and Enterprise Rental Car, three (3) condominium complexes, factories and many one and two family housing units. The plaintiffs mainly complain that because of an increase in the traffic on Williams Street there will be a depreciation in the value of their individual units. There are individual complaints of the additional noise of the store's operation, the lights which will be present 24 hours per day all of which will cause depreciation in the value of their units.
The parking area for customers cars will have an access some 1,400 feet from the nearest point of Hubbard Run. Presently, Monaco Ford which is located across from the proposed development is closer and has a well-lighted parking area 24 hours per day. The delivery area to the proposed store is below grade and will have a tree and shrubbery screen along New London Turnpike. Williams Street is but 24 feet wide and at its western end has a ramp to the northbound lanes of Route 17. Although it is the desire of the Town to encourage cars coming from Oak Street to use Williams Street for access to the northbound lanes of Route 17, the presence of both north and southbound ramps to Route 17 immediately north of the intersection of New London Turnpike and Oak Street will only be successful in an unusual traffic tie up. These unsubstantiated fears of the plaintiffs do not establish aggrievement. In contrast to the plaintiffs, Glastonbury Town Assessor, Leon Jendrgejczyk, finds that the mix of commercial and residential uses has and will continue to have a lively activity and an increase in the value of the residential units. The court must find that "the plaintiffs failed to show that they had a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community, and that they were specifically and injuriously affected in their property or other legal rights." Walls v.Planning Zoning Commission, 176 Conn. 475, 477.
The claim of the plaintiffs that because Stop Shop often provides for sale of alcoholic beverages is not before this court since it was not before the agency from which the appeal was taken.
For the above reasons the motion to dismiss is granted.
Corrigan, JTR